Maude Kelley, Appellant, v. The First Bank & Trust Co., Appellee.

Opinion filed February 12, 1930.

FRANK E. TROBAUGH, for appellant; L. A. CRANSTON, of counsel.

NELSON B. LAYMAN, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellant sought to recover for the death of a boy under six years of age. A demurrer was sustained to the declaration and the question presented by this appeal is whether the declaration states a cause of action.

It avers, in substance, that appellee owned a vacant lot, 50 feet east and west and 175 feet north and south, near the city of DuQuoin; that the north end of said lot abutted upon a public alley, 20 feet wide, running east and west; that there was a pond on the north end of said lot which extended into said public alley; that the pond was about 30 feet in diameter, about 16 feet deep and partly filled with water; that there were a number of residences in the vicinity of the pond; that the said pond had been attractive to children of tender years and for a long time children were in the habit of playing around said pond, amusing themselves by fishing with hook and line, and on some occasions when appellant's intestate was present, some of the children had caught fish therein by means of hook and line.

It avers that the pond had steep banks from one to three feet above the surface of the water which were unsafe for children upon or near the edge of the pond; that the facts aforesaid were well known to appellee, or could have been discovered by it by the exercise of reasonable care; that on May 1, 1928, appellant's intestate was attracted by childish curiosity and a desire for pleasure toward the said pond and then and there went upon said vacant lot at a point four feet from the south side of said public alley and along said pond and was then and there fishing therefrom with a hook, line,

and a short pole; that appellee had carelessly and negligently failed and neglected to provide any protection around or over the pond or to fill the same with dirt to prevent children from having access thereto; that appellee carelessly and negligently permitted said pond and the bank thereof to be and remain in a condition dangerous to a child approaching the bank and fishing with hook and line from the waters of the pond; that by reason of appellee's negligence aforesaid appellant's deceased, while fishing from the bank of said pond, fell into the same, etc.

The question as to when a nuisance is so attractive to children of tender years so as to come within the doctrine of the ''Turn-table'' cases, has given the courts much trouble resulting in a contrariety of decisions. Our Supreme Court very recently said: ''Without extending this opinion further by quoting from the many authorities on the subject, it is sufficient to say that the courts seem to be of one mind in holding that a canal, a pond, or other open body of water on private property, is not of itself an attractive nuisance, as that term is used in describing an instrumentality which will render the owner liable for injuries to a child attracted to and injured by it (citing cases). The case of *City of Pekin v. McMahon,* 154 Ill. 141, is not in conflict with these authorities. In that case this court did not hold that a pond of water was an attractive nuisance, but it held that a pond of water in which floating logs on which children were in the habit of playing were permitted to remain, when maintained near a driveway in a populous city, was under the circumstances such a dangerous instrumentality attractive to children as to render the owner liable for the drowning of a child playing there; *Mindeman v. Sanitary District,* 317 Ill. 529.

We understand from the opinion in that case that even though children are in the habit of fishing in a

pond, and that there are fish in the pond, that does not make it an attractive nuisance. A child may see other children catching fish from a pond and may see fish in the pond, and if they undertake to fish and meet with an accident there can be no recovery. But if a child sees floating logs in a pond on which other children are playing a cause of action will arise if such child engages in the sport and loses its life. As we understand it, such is the distinction drawn by our Supreme Court and we feel that we are bound thereby. If we are right in our conclusion the trial court did not err in sustaining the demurrer to the declaration. The judgment is affirmed.

*Affirmed.*