134

Sidney J. Peers, Administrator of Estate of William
Atley Peers, Deceased, Appellant, v. N. M. Pierre,
Appellee.

Gen. No. 44,493.

Opinion filed December 15, 1948. Released for publication January 5, 1949.

JACK L. SACHS and LeROY J. NEIMAN, both of Chicago, for appellant.

HINSHAW & CULBERTSON and JOHN A. BROWN, all of Chicago, for appellee; OSWELL G. TREADWAY, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action for damages for wrongful death (Chap. 70, Secs. 1 and 2, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 38.01, 38.02]) of a small boy through drowning. At the close of plaintiff's evidence the trial court directed a verdict for defendant. Plaintiff has appealed from the judgment upon the verdict.

Defendant in 1946 and for several years before that time was owner of about ten acres of land in the Village of Skokie, Illinois. Until about five years before the accident involved herein, sand and gravel had been dug from the land. The result was that in 1946 there were several sand and gravel hills and excavations on the property. Water had entered into the excavations, forming ponds. Near the edge of one of these ponds was located a dwelling house and several outbuildings. In 1946 these buildings were under lease to a Kreutter family.

The property was bound on the east by the Skokie Highway, on the south by Grosse Point Road and on the west by Church Street. Plaintiff, his wife and four children, lived about one and a half blocks south of the property. The decedent William was 7 years, 5 months old in June 1946. Plaintiff and his wife were friends and frequent visitors at the Kreutter home. The children of both families played together in and about the Kreutter home.

On June 16, 1946, decedent was seen playing about the pond adjacent to the Kreutter home about 11:30 A. M. He played there all day with other boys older and younger than himself. His mother telephoned to the Kreutter home about 5:15 P. M. and asked Dorothy Kreutter to send decedent home. Dorothy called to the decedent, who was in the pond up to his chest, telling him that his mother wanted him. He answered, "O.K." He was not seen again. Search for him all through the night was unsuccessful. In the morning the police dragged the pond and found his body.

The amended complaint is based upon the attractive nuisance theory. It charged that the defendant's property was in a thickly populated neighborhood in which lived many small children; that the sand hills and the pond in which decedent was drowned was visible from public places and attracted small children including decedent; that for five years it had been a place of amusement for the children who played in it and with the debris in it; that the pond was dangerous and that defendant had knowledge of all this; that he had the duty to fence the property in or to guard it so that small children such as decedent might not be harmed; that decedent, too immature to understand the danger and, while exercising due care, was attracted to the pond and debris, found easy access and was drowned; and that the drowning was the proximate result of defendant's negligence in omitting to fulfill his duty to take necessary precautions.

Defendant concedes that if there is any evidence in the record which tends to prove the allegations of the complaint, the case should have gone to the jury and the directing of the verdict for defendant was error. It is defendant's position, however, that the evidence does not show that the defendant maintained a dangerous agency so as to come within the attractive nuisance rule.

In determining whether there is any evidence tending to prove the elements of plaintiff's case, we shall take the evidence favorable to plaintiff as true and draw the legal inferences most strongly in his favor. There is evidence that the pond was visible from the highway; that boys younger and older than the decedent habitually played in and about the pond; that they threw stones and small sticks therein; that sticks about 13 inches long floated on the surface of the pond; that boys swam therein and "played boats" with the sticks; that a daughter of Mrs. Kreutter almost drowned therein; and that defendant was notified of the habits of the boys in and about the pond. There is testimony that the decedent was warned against going to the pond by his parents and spanked and kept at home for disobeying the warning. In plaintiff's favor it might be said this showed the irresistible nature of the attraction. There is evidence that facing the road leading to the pond was a warning sign. In plaintiff's favor it might be said that decedent could not read or understand the sign.

In *McDermott v. Burke,* 256 Ill. 401, the court summarized the principles underlying this case by stating that the general rule is that an owner of land has no obligation of ordinary or reasonable care to protect trespassers, whether adults or children; that he owes the duty of reasonable care to invitees; and that where an owner maintains a dangerous agency which is exposed and attractive to children and if he may reasonably anticipate that children too immature to exercise proper care are likely to be exposed to danger, children submitting to the attraction and entering the property, although technical trespassers, are impliedly invitees to whom the owner owes the duty of reasonable or ordinary care.

Plaintiff relies mainly upon *Cicero State Bank v. Dolese & Shepard Co.,* 298 Ill. App. 290, where the

decedent sought to walk on thick scum which had accumulated on the water and had the appearance of a path; upon *Howard v. City of Rockford,* 270 Ill. App. 155, where decedent fell into a pond from a boardwalk above the water; and upon the leading case of the *City of Pekin v. McMahon,* 154 Ill. 141, where the decedent stepped upon and fell from a log which was floating in the water.

We infer from a reading of these cases that the ponds or pools were not, in themselves, considered attractive nuisances. This inference is borne out by the cases in this and other jurisdictions cited by the defendant.

■■ We are satisfied after reading *Mindeman v. Sanitary District,* 317 Ill. 529; *Baker v. Fruin-Colnon Construction Co.,* 271 Ill. App. 300; *Kelly v. First Bank & Trust Co.,* 256 Ill. App. 439; and *Wood, Admr. v. Consumers Co.,* 334 Ill. App. 530, that the pond in which the decedent William Peers was drowned was not an attractive nuisance. In the *Mindeman case* the court quoted extensively from *Barnhart v. C. M. St. P. R. Co.,* 89 Wash. 304, 154 Pac. 441; where a boy 8 years old was drowned when he fell from a raft on the surface of a pool on the railroad property. The substance of the quotation is that there is a distinction between the so-called "turntable cases" and those involving pools of water; that no one can deny that a pool of water is attractive to boys, but that it is not a dangerous agency so as to come within the doctrine of attractive nuisances, because the number of deaths in comparison to the total number of boys visiting ponds for purposes of playing, fishing and swimming is comparatively small. The Washington court in that case refused to go as far as our Supreme Court in *City of Pekin v. McMahon.* We see no need of referring to other cases outside this jurisdiction. The weight of authority is to the effect that the attractive nuisance doctrine does not apply to ponds, where there is no

unusual danger. 36 A. L. R. 224. In the *Mindeman case* our Supreme Court said the courts seemed to be of one mind in holding that a canal pond or other open body of water is not of itself an attractive nuisance.

Viewed in the light most favorable to plaintiff we cannot say that there was any unusual danger in this case such as the log in the *McMahon case,* the boardwalk in the *Howard case* and the apparent path in the *Dolese & Shepard case.* Our Supreme Court said the element of allurement in *City of Pekin v. McMahon* was the pond containing floating logs. *Burns v. City of Chicago,* 338 Ill. 89. The debris consisting of small sticks with which the boys played does not alter the case. The pictures in the record before us show a sandy beachlike approach to the pool on defendant's property. This might have served to make the pool more attractive. It likewise points up the similarity between this pool and the countless bodies of water in parks and other public places throughout the State. Certainly, it cannot be seriously contended that these come within the attractive nuisance doctrine. *Wood v. Consumers Co.* Our Supreme Court considers its decisions "most liberal to children." (*McDermott v. Burke,* 256 Ill. 401) and its position in cases of this kind "well advanced" (*Burns v. Chicago*) but considers the position of the U. S. Supreme Court as to cautious application of the doctrine "sound as well as significant." (*Burns v. Chicago*).

It is our conclusion that the trial court correctly directed the verdict. The judgment of the Circuit Court is, therefore, affirmed.

*Judgment affirmed.*

BURKE, P. J., and LEWE, J., concur.