JANE DOE, a Minor, By and Through her Father and Next Friend, John Doe, *et al.*, Plaintiffs-Appellants, v. MONTESSORI SCHOOL OF LAKE FOREST *et al.*, Defendants-Appellees (American Montessori Society, Inc., Indiv., and By and Through its Actual and/or Apparent Agents, Montessori School of Lake Forest, Defendant).

Second District No. 2—96—0407

Opinion filed April 3, 1997.

William L. Suhadolnik, of Simonian & Suhadolnik, of Waukegan, for appellants.

Jay S. Judge and Kristine A. Karlin, both of Judge & James, Ltd., for appellee Anne M. Gadon.

Michael K. Strachan, of Militello, Zanck & Coen, P.C., of Crystal Lake, for appellee Kay Guerin.

Dinah Lennon Archambeault, of Spesia, Ayers, Ardaugh & Wunderlich, of Joliet, for appellees Lissa Hektor, Montessori School of Lake Forest, and Kristine Thorsen.

JUSTICE HUTCHINSON delivered the opinion of the court:

In January 1994 plaintiffs, Jane Doe and her parents, John Doe and Mary Doe, filed a complaint against defendants, Montessori School of Lake Forest (Montessori School), Anne Gadon, Kay Guerin, Lissa Hektor, Kristine Thorsen, board members of the Montessori School of Lake Forest (Board Members), and American Montessori Society, Inc., resulting from an alleged contact of a sexual nature committed against Jane Doe when she was approximately $2^1/_2$ years of age. The trial court granted defendants' motion to dismiss with prejudice, and plaintiffs timely appealed. We reverse and remand.

The relevant pleading is the third amended complaint. In April 1995 plaintiffs filed a third amended complaint, consisting of 13 counts against defendants. Count I alleged negligence on behalf of plaintiff Jane Doe against defendant Montessori School. Count II alleged an "intentional tort" on behalf of plaintiff Jane Doe against defendant Gadon. Plaintiffs alleged in this count, in relevant part:

"That on the date and place aforesaid the Defendant, ANNE M. GADON, Individually and as agent, servant and employee of the MONTESSORI SCHOOL OF LAKE FOREST, was guilty of one or more or all of the following extreme and outrageous intentional acts, with malice aforethought, and/or with intent to harm the minor Plaintiff and/or to fulfill her own sexual stimulation and/or gratification, in that she caused contact, unwanted by the minor Plaintiff, to be made between her hands and/or fingers and the genitals, and other portions of the person of the minor Plaintiff and restricting the minor Plaintiff's freedom of movement of her person in so doing."

Counts III, IV, and V alleged negligence on behalf of plaintiff

Jane Doe against defendants. Count VI alleged negligence on behalf of plaintiffs John Doe and Mary Doe against defendant Montessori School for negligent or intentional infliction of emotional distress. Count VII alleged an "intentional tort" on behalf of plaintiffs John Doe and Mary Doe against Gadon. Counts VIII, IX, and XI alleged negligence on behalf of plaintiffs John Doe and Mary Doe against defendants. Count X alleged an "intentional tort" on behalf of plaintiffs John Doe and Mary Doe against defendant Hektor for intentionally failing to report the alleged incident between defendant Gadon and plaintiff Jane Doe, as well as fraudulent concealment and conspiracy to conceal. Counts XII and XIII added American Montessori Society, Inc., as a new defendant, but it is not a party to this appeal.

On April 28, 1995, the first in a long and tortured series of motions was filed. Over the next several months, plaintiffs' complaint was attacked pursuant to section 2—619(a)(9) of the Civil Practice Law (735 ILCS 5/2—619(a)(9) (West 1994)), section 2—615 of the Civil Practice Law (735 ILCS 5/2—615 (West 1994)), and Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)). Motions for sanctions were filed, alleging discovery violations pursuant to Supreme Court Rules 215 and 219(c) (166 Ill. 2d Rs. 215, 219 (c)). Furthermore, each set of motions was accompanied by or followed by memoranda briefing the issues raised.

In September 1995 plaintiffs filed their response to defendants' motion for sanctions. Plaintiffs assert in their response that defendants had not established a good-faith showing for a defense psychological examination of plaintiff Jane Doe. Plaintiffs further contend that a psychological examination would pose a significant and undue risk of harm to plaintiff Jane Doe. Their response also states that plaintiff Jane Doe has no "articulable present recollection of *** attending Montessori School ***, let alone the incident itself." They also contend that plaintiff Jane Doe should not be subjected to a discovery deposition because of her tender age. Plaintiffs attached an affidavit of Daniel Woloszyn, a licensed clinical neuropsychologist. Woloszyn opined that a psychological examination of plaintiff Jane Doe would pose a significant risk of harm because the examination, "in the absence of any current memory of the event, would reasonably trigger emotional trauma and also a likelihood of triggering repressed memory syndrome."

Defendants Hektor, the Montessori School, and Gadon filed replies to plaintiffs' response to the motions for sanctions. In her reply memorandum, defendant Gadon further asserts, for the first

time, that plaintiffs' cause of action had not accrued. Applying the discovery rule of the childhood sexual abuse section of the Limitations Act (735 ILCS 5/13—202.2 (West 1994)), Gadon argues plaintiff Jane Doe is not yet aware that she had been injured, and, therefore, the cause of action will accrue only when she recovers her memory of the event. Only then can it be determined whether her action was within the limitations period set forth. Thus, Gadon claims, plaintiff Jane Doe has no cause of action at this time, but should be allowed to renew her claim should she discover she was sexually molested.

In October 1995 defendant Guerin filed her reply to plaintiffs' response to defendants' motions for sanctions. Guerin argues that plaintiffs' damages are speculative, plaintiff Jane Doe's cause of action is not ripe, and plaintiffs and their affiant, Woloszyn, "overlook the fact that it would be beneficial rather than harmful, for *** [plaintiff Jane Doe] to recall and deal with the emotional trauma that may have been caused if the alleged incident occurred."

In November 1995 plaintiffs filed their surresponse to defendants' combined replies. Plaintiffs maintain that their cause of action was ripe on the day the act allegedly occurred because of the principle that the discovery by a child's parent, even absent actual cognition or memory by the child, shall be imputed to the child and shall constitute the accrual of a cause of action. Plaintiffs also argue that the childhood sexual abuse section of the Limitations Act (735 ILCS 5/13—202.2 (West 1994)) does not prohibit bringing a cause of action contemporaneously with the knowledge of an act of abuse. They also argue that, as a matter of law, injury is presumed due to the heinous nature of sexual molestation. Furthermore, plaintiffs claim that John and Mary Doe's causes of action exist independently of Jane Doe's claim and that the trial court should employ a balancing test to determine whether plaintiff Jane Doe should be subjected to a defense psychological examination.

On December 14, 1995, defendant Gadon filed a surreply to plaintiffs' surresponse to defendants' combined replies for their motions for sanctions. In her surreply, defendant Gadon argues that (1) the cause of action has not accrued for plaintiff Jane Doe; (2) injury to plaintiff Jane Doe from the alleged molestation cannot be presumed; and (3) should plaintiff Jane Doe's cause of action fail, then her parents, John and Mary Doe, have no independent cause of action. On December 18, 1995, defendants Guerin, Hektor, Thorsen, Gadon, and the Montessori School filed essentially the same joint surreply.

At a hearing held on January 3, 1996, the trial court granted defendant American Montessori Society, Inc., leave to adopt the argu-

ments of the other defendants. Following that, the trial court conducted a hearing on a motion to dismiss plaintiffs' third amended complaint pursuant to section 2—619 (735 ILCS 5/2—619 (West 1994)). Defendants claimed that the suit was barred because plaintiff Jane Doe's cause of action had not yet accrued and that the plaintiff parents' individual causes of action had similarly not accrued on the basis of their claims being derivative of plaintiff Jane Doe's claims. At the conclusion of that hearing, the trial court entered certain findings on the record: that plaintiff Jane Doe's cause of action was not yet ripe because she had not "broken through" her repressed memory; that the act of child molestation did not warrant a finding of presumed damages on the basis of said damages being speculative; and that plaintiffs John Doe's and Mary Doe's independent causes of action for intentional infliction of emotional distress, civil conspiracy, and fraudulent concealment could not be maintained because they were derivative of plaintiff Jane Doe's claims. The trial court also requested defendants draft and file a motion to dismiss consistent with its findings, which defendants did and filed such motion to dismiss on February 13, 1996.

On March 1, 1996, plaintiffs filed their response to defendants' motion to dismiss plaintiffs' third amended complaint, incorporating similar arguments made at the January 3, 1996, hearing, readopting and realleging arguments made in their previous pleadings and responses and surresponses to the various motions to dismiss and motions for sanctions.

On March 4, 1996, the trial court entered an order granting defendants' motions to dismiss plaintiffs' third amended complaint with prejudice, specifically finding that (1) the discovery rule as amended in the childhood sexual abuse section of the Limitations Act applies to the present case; (2) plaintiff Jane Doe's cause of action had not accrued within the meaning of the childhood sexual abuse section of the Limitations Act because she has no present knowledge of the sexual assault or of her damages; (3) the Indiana "imputation rule" (the parents' knowledge imputed to the child) is inapplicable because Indiana has no statute similar to the childhood sexual abuse section of the Limitations Act; (4) the act of child molestation did not warrant a finding of presumed damages; (5) plaintiffs should not be entitled to nominal damages because such damages are speculative in nature; and (6) plaintiffs John Doe and Mary Doe have no independent cause of action for intentional infliction of emotional distress, civil conspiracy, or fraudulent concealment because their claims derive from plaintiff Jane Doe's claims.

On appeal, plaintiffs argue that the trial court erred by granting

defendants' motion to dismiss because (1) plaintiff Jane Doe's cause of action has accrued; (2) the act of child molestation warrants a finding of presumed nominal damages; and (3) plaintiffs John Doe and Mary Doe may maintain an independent cause of action for intentional infliction of emotional distress, civil conspiracy, or fraudulent concealment.

■ Before reaching the merits, we wish to address the pleading and motion practice that led to this appeal. A majority of the arguments were initiated and addressed in defendants' motions for sanctions; plaintiffs' response to defendants' motions for sanctions; defendants' reply to plaintiffs' response to defendants' motions for sanctions; plaintiffs' surresponse to defendants' reply to plaintiffs' response to defendants' motions for sanctions; and defendants' surreply to plaintiffs' surresponse to defendants' reply to plaintiffs' response to defendants' motions for sanctions. In response, we suggest that a more efficient and practical process would have been appropriate.

The Illinois Supreme Court has the power to make and amend rules of pleading, practice, and procedure for the convenient administration of justice and otherwise *simplifying* judicial procedure. 735 ILCS 5/1—104(a) (West 1994). These rules are not ends in themselves; they are designed to secure the orderly and fair methods of disposing of litigated matters. *Kaufman v. Kaufman*, 22 Ill. App. 3d 1045, 1052 (1974). The rules of practice are required for the simplification and standardization of court procedure, and these rules should be obeyed by lawyers and litigants and enforced by the courts. *Alfaro v. Meagher*, 27 Ill. App. 3d 292, 297 (1975). Members of the bar and others appearing before a tribunal are presumed to be aware of the rules of practice and procedure prescribed by the Illinois Supreme Court. *Biggs v. Spader*, 411 Ill. 42, 44 (1951). If the structure of our court system permitted loose practice, the result would inevitably be complete chaos. *Alfaro*, 27 Ill. App. 3d at 297. "Chaos serves no social end." *State Tax Comm'n v. Aldrich*, 316 U.S. 174, 196, 86 L. Ed. 1358, 1378, 62 S. Ct. 1008, 1019 (1942).

We note that defendants Thorsen and the Board Members failed to attach affidavits in support of their original section 2—619 motion to dismiss, filed on April 28, 1995. Similarly, on February 13, 1996, and pursuant to the trial court's request of January 3, 1996, defendants together filed their section 2—619 motion to dismiss plaintiffs' third amended complaint with prejudice. Defendants also failed to support this motion with affidavits.

Where the grounds for dismissal do not appear on the face of the pleadings, section 2—619(a) mandates that "the motion shall be supported by affidavit." 735 ILCS 5/2—619(a) (West 1994); see also *Wa-*

*terford Executive Group, Ltd. v. Clark/Bardes, Inc.*, 261 Ill. App. 3d 338, 343 (1994). Defendants Thorsen and the Board Members claimed that they serve on the Board of the Montessori School without compensation and, as such, are immune from liability for negligence. In their February 13, 1996, section 2—619 motion to dismiss, defendants claimed that the suit was barred because plaintiff Jane Doe's cause of action had not yet accrued, that plaintiff Jane Doe possesses no such knowledge of the alleged incident, and that the plaintiff parents' individual causes of action had similarly not accrued on the basis of their claims being derivative of plaintiff Jane Doe's claims. Defendants do not specify upon which subsection of section 2—619 they are basing their motion. It appears to us that defendants brought this motion pursuant to either section 2—619(a)(5) (735 ILCS 5/2—619(a)(5) (West 1994)) or section 2—619(a)(9) (735 ILCS 5/2—619(a)(9) (West 1994)). Section 2—619(a)(5) authorizes a defendant to file a motion for dismissal on the ground that the action was not commenced within the time limited by law; section 2—619(a)(9) provides for a dismissal when the plaintiffs' claim is barred by an affirmative matter defeating the claim.

The failure to support either a section 2—619(a)(5) motion or a section 2—619(a)(9) motion with the requisite affidavit mandates reversal. *Denny v. Haas*, 197 Ill. App. 3d 427, 430 (1990). Our review of the record enables us to conclude that defendants' grounds for dismissal do not appear on the face of the pleadings. Accordingly, defendants' failure to support their motion with the affidavit required under section 2—619(a)(5) or section 2—619(a)(9) mandates reversal under the facts of this case. Having said that, the Civil Practice Law also needs to be construed liberally to fulfill its purpose of providing substantial justice and resolution on the merits, rather than imposing seemingly insurmountable procedural obstacles to litigation. See 735 ILCS 5/1—106 (West 1994); *Marsh v. Nellessen*, 235 Ill. App. 3d 998, 1002 (1992).

■ Thus, we turn to the nature of appellate review of a trial court's dismissal of a complaint pursuant to section 2—619. The purpose of a section 2—619 motion is to allow for the disposition of questions of law and easily proved fact issues at the outset of the case. See, *e.g.*, *Zedella v. Gibson*, 165 Ill. 2d 181, 185 (1995); *M.E.H. v. L.H.*, 283 Ill. App. 3d 241, 245 (1996). Unlike a motion with respect to the pleadings brought under section 2—615 (*Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 484 (1994) (section 2—615 motion attacks only the legal sufficiency of the complaint and deals exclusively with defects appearing on the face of the complaint)), a trial court ruling on a section 2—619 motion may consider the "pleadings, depositions, and affidavits" (*Zedella*, 165 Ill. 2d at 185). We have stated:

"The motion should be granted and the complaint dismissed if, after construing the document in the light most favorable to the nonmoving party, the court finds that no set of facts can be proved which would entitle the plaintiff to recover. [Citations.] When reviewing the propriety of a section 2—619 dismissal, all well-pleaded facts alleged in the complaint are taken as true. [Citation.] Conclusions of law or conclusions of material fact unsupported by specific factual allegations must be disregarded. [Citation.] As such, the reviewing court is concerned solely with a question of law presented by the pleadings." *Nikolic v. Seidenberg*, 242 Ill. App. 3d 96, 98-99 (1993).

Further, courts have recognized that a section 2—619(a)(9) motion to dismiss admits the legal sufficiency of the plaintiff's cause of action. *Johnson v. Du Page Airport Authority*, 268 Ill. App. 3d 409, 414 (1994). Finally, an appellate court conducts an independent review of the propriety of dismissing the complaint and, therefore, is not required to defer to a trial court's reasoning. *Nikolic*, 242 Ill. App. 3d at 99.

■ The first issue on appeal is whether plaintiff Jane Doe's cause of action has accrued. In plaintiffs' third amended complaint, plaintiff Jane Doe is seeking relief under a negligence theory and an "intentional tort" theory. A cause of action based on tort accrues only when all elements are present—duty, breach, and resulting injury or damage. *West American Insurance Co. v. Sal E. Lobianco & Son Co.*, 69 Ill. 2d 126, 129-30 (1977); *Wolf v. Bueser*, 279 Ill. App. 3d 217, 226-27 (1996). Without accrual there can be no cause of action, and there is no cause of action until injury or damage has occurred. *West American Insurance Co.*, 69 Ill. 2d at 131; *Wolf*, 279 Ill. App. 3d at 227. Generally, a cause of action for torts accrues when the plaintiff suffers an injury. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 77 (1995); *West American Insurance Co.*, 69 Ill. 2d at 130; *M.E.H.*, 283 Ill. App. 3d at 250.

■ "Injury" is defined as "[a]ny wrong or damage done to another, either in his [or her] person, rights, reputation, or property." Black's Law Dictionary 785 (6th ed. 1990); Restatement (Second) of Torts § 7 (1965). Two recent opinions, *Western States Insurance Co. v. Bobo*, 268 Ill. App. 3d 513 (1994), and *Scudder v. Hanover Insurance Co.*, 201 Ill. App. 3d 921 (1990), have concluded that an intent to harm can be inferred as a matter of law when an adult engages in unwanted touching and sexual abuse of another, especially a minor. Therefore, we believe it to be a logical extension of those holdings to determine that when an adult engages in unwanted touching, unlawful restraint, or similar conduct concerning a minor, an injury occurs.

■ Further, plaintiffs cannot bring a cause of action until they know or reasonably should know of their injuries and also know or reasonably should know that the injuries were caused by another's wrongful acts. *Moore v. Jackson Park Hospital*, 95 Ill. 2d 223, 232 (1983); *Fetzer v. Wood*, 211 Ill. App. 3d 70, 79 (1991). However, that does not mean that plaintiffs do not have existing causes of action of which they are unaware. *Moore*, 95 Ill. 2d at 232; *Fetzer*, 211 Ill. App. 3d at 79. In addition, plaintiffs must be vigilant because a cause of action accrues even though the full extent of the injury or the consequences of the injury are unknown at the time of the injury. *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 364 (1995). When minor plaintiffs are injured, they cannot initiate the legal proceeding, but must appear by a guardian, guardian *ad litem*, or a next friend. *Skaggs v. Industrial Comm'n*, 371 Ill. 535, 542 (1939). Alternatively, minors may bring the action within two years after they attain the age of 18 years. 735 ILCS 5/13—211 (West 1994).

■ In the present case, plaintiff Jane Doe, by her father and next friend, John Doe, alleges, *inter alia*, that on or about April 24, 1992, plaintiff Jane Doe was a student at defendant Montessori School; the Montessori School and its agents owed a duty of care to plaintiff Jane Doe; defendant Gadon was an agent of the Montessori School; defendants breached their duty of care to plaintiff Jane Doe when defendant Gadon caused unwanted contact upon plaintiff Jane Doe's person and restricted plaintiff Jane Doe's freedom of movement. Plaintiffs conclude that, as a result of the above, plaintiff Jane Doe suffered an injury. .

Because a review of a section 2—619 dismissal directs that all well-pleaded facts alleged in the complaint are taken as true, we determine that plaintiff Jane Doe has established a cause of action. Therefore, we hold that the trial court erred in dismissing plaintiff Jane Doe's negligence counts against defendants. We also hold that the trial court erred in dismissing plaintiff Jane Doe's "intentional tort" count against defendant Gadon. Plaintiff, through her next friend, John Doe, has pleaded a foundation to prove that defendants owed a duty, breached their duty, and, as a result of that breach, an injury to her occurred. The nature of the intentional tort, such as a battery, willful or wanton conduct, or false imprisonment, must be established by the evidence.

Defendants argue that the childhood sexual abuse section of the Limitations Act (735 ILCS 5/13—202.2 (West 1992) (amended by Pub. Act 88—127 § 5, eff. January 1, 1994)), bars plaintiff Jane Doe from initiating an action or recovering until she is actually aware of the injury. Defendants claim that, because plaintiff Jane Doe cannot

recall the injuring event and has no resulting damages, she should wait and bring the action "within two years after she discovers (or reasonably should have discovered) that sexual abuse occurred and she suffered injuries therefrom." By doing so, "she will still have her 'day in court.'"

The childhood sexual abuse section of the Limitations Act provides, in pertinent part:

> "An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse." 735 ILCS 5/13—202.2(b) (West 1994) (as amended by Pub. Act 88—127 § 5, eff. January 1, 1994).

We are not persuaded by defendants' claims. First and foremost, the childhood sexual abuse section of the Limitations Act does not create a cause of action. Instead, it is a statute of repose that begins to run when a specific event occurs, no matter when the cause of action accrues. *M.E.H.*, 283 Ill. App. 3d at 246. Furthermore, in their third amended complaint, plaintiffs have made no statutory claims of childhood sexual abuse. What plaintiffs have alleged, though, is negligence and an intentional tort, possibly battery, willful or wanton conduct, or false imprisonment. Thus, this statute is inapplicable as to these causes of action. The public policy of the State dictates that courts should guard carefully the rights of minors and that a minor should not be precluded from enforcing her or his rights unless clearly debarred from so doing by some statute or constitutional provision. *Walgreen Co. v. Industrial Comm'n*, 323 Ill. 194, 197 (1926). To argue that only Jane Doe can bring this lawsuit contravenes the public policy of allowing a guardian, guardian *ad litem*, or a next friend to initiate a cause of action on behalf of a minor or a person under a legal disability. See *City of Danville v. Clark*, 63 Ill. 2d 408, 411 (1976).

Defendants also argue that knowledge of the injuring event should not be imputed from the plaintiff parents, John and Mary Doe, to plaintiff Jane Doe to determine whether a cause of action has accrued. Defendants urge that the "discovery rule" be applied; that is, plaintiff Jane Doe's cause of action should not accrue until plaintiff Jane Doe herself knows or should have known of her injury and knows or should have known that the injury was wrongfully caused, thereby postponing the commencement of the limitations period. The trial court would not apply Indiana's "imputation rule" to this case because Indiana has no childhood sexual abuse limitations statute.

The concept of "imputed knowledge" is not unique to Indiana. Indeed, imputed knowledge is practiced in every state of the union by our justice system. It is well settled that if a crime against an individual also involves a crime against the public, such as a battery, the individual and the general public suffers, and the knowledge of the victim and witnesses is the knowledge of the State, even though the victim does not represent the State in any official capacity. Additionally, where infants are victims of criminal abuse or neglect, knowledge is often imputed to the State for purposes of prosecution. Civil actions for injuries to minors may be maintained by a child's guardian, guardian *ad litem*, or next friend. See *Skaggs*, 371 Ill. at 542; see generally 755 ILCS 5/11—1 *et seq.* (West 1994). We thus hold that the trial court erred in disallowing the parents' knowledge of the injuring event to be imputed to the child for purposes of commencing a cause of action against defendants.

Plaintiffs' second contention on appeal is that the trial court erred when it found that the act of child molestation does not warrant a finding of presumed damages. In its written order filed on March 4, 1996, the trial court stated that the act of child molestation did not warrant a finding of presumed damages and that plaintiffs were not entitled to nominal damages because such damages were speculative in nature.

■ Article I, section 12, of the Illinois Constitution provides that a remedy shall exist for every wrong. Ill. Const. 1970, art. I, § 12. However, the method by which such a remedy should be granted is not indicated. Our method is to compensate the one so injured for each aspect of damages which she or he has sustained.

Recovery is not limited to items of pain, suffering, and anguish. It also embraces intangible losses, including any other facets of nonfinancial losses. See, *e.g., Drews v. Gobel Freight Lines, Inc.*, 197 Ill. App. 3d 1049, 1057-58 (1990); *Jolley v. Consolidated R. Corp.*, 167 Ill. App. 3d 1002, 1012 (1988). Suffice it to say that the law seeks to compensate for all aspects of damage wrongfully inflicted, tangible or intangible, and the fairness of compensation for the particular deprivations encountered must be determined under the circumstances of each suit. See generally *Parnham v. Carl W. Linder Co.*, 36 Ill. App. 2d 224 (1962).

The real issue in the present case is not whether an act of child molestation warrants a finding of presumed damages. Plaintiffs, in their third amended complaint, have not specifically alleged that an act of child molestation occurred. On that basis, we decline to make a determination of whether an act of child molestation warrants a finding of presumed damages. What plaintiffs' pleadings do suggest,

albeit surreptitiously, is that an act of battery, willful or wanton conduct, or false imprisonment occurred to a child of tender age. Thus, the real issue is whether plaintiffs' pleadings sufficiently allege damages when viewed in conjunction with the depositions and affidavits for the purpose of surviving a section 2—619 motion to dismiss.

We have already determined that plaintiffs have stated a cause of action for an injury and that the cause of action for said injury has accrued. We also now determine that, if the alleged conduct directed at Jane Doe is proved, damages can be presumed. However, the amount of damages is uniquely a question of fact to be determined by the trier of fact (*Parnham*, 36 Ill. App. 2d at 236) and not by a dismissal motion. Because we have determined that plaintiffs have sufficiently alleged the existence of an injury and damages, the trial court erred in making its findings on damages. In the present case, if plaintiffs' allegations are true, nominal damages, at a minimum, exist. Should plaintiffs wish to seek an award beyond nominal damages, they may do so, provided they are able to prove the existence of the damages.

■ Plaintiffs' final issue on appeal contends that the trial court erred when it found that plaintiffs John Doe and Mary Doe could not maintain an independent cause of action for intentional infliction of emotional distress, civil conspiracy, or fraudulent concealment because their claims derive from plaintiff Jane Doe's claims against defendants. For judicial economy, the dynamics of the present case necessitate discussion of this issue.

There are two distinct categories of "derivative liability": in the first category is the action which a plaintiff may institute to redress a wrong done to another; in the second category is the action which a plaintiff may institute to redress a wrong done to herself or himself that is proximately caused by a wrong done to another. See *Garfield v. United States*, 297 F. Supp. 891, 900 (W.D. Wis. 1969). The instant case falls into the second category; that is, plaintiffs John and Mary Doe wish to institute an action to redress a wrong or wrongs done to them that were proximately caused by the wrong done to their child, plaintiff Jane Doe. Plaintiffs John and Mary Doe allege the wrongs of fraudulent concealment, intentional infliction of emotional distress, and civil conspiracy. Plaintiffs John and Mary Doe have not argued on appeal whether their negligence count derives from plaintiff Jane Doe's negligence claims against defendants.

Although parents do not have a primary cause of action against a perpetrator for injuries inflicted upon their child, it is universally recognized that parents may maintain an action in their own right

for any impairment of parental rights caused by the injuries, particularly for any pecuniary losses suffered as a result of the injuries. 59 Am. Jur. 2d *Parent & Child* § 97, at 237 (1987). Thus, plaintiffs John and Mary Doe have no independent cause of action for an intentional tort of battery, willful or wanton conduct, or false imprisonment based upon the alleged contact between defendant Gadon and plaintiff Jane Doe. One who, by reason of her or his tortious conduct, is liable to a minor child for illness or other bodily harm is subject to liability to (a) the parent who is entitled to the child's services for any resulting loss of services or ability to render services, and to (b) the parent who is under a legal duty to furnish medical treatment for any expenses reasonably incurred or likely to be incurred for the treatment during the child's minority. See Restatement (Second) of Torts § 703 (1977).

Although the parent's cause of action is usually viewed as merely a part of the child's cause of action, and the rights of the parties are frequently merged into one action for the entire damage, analytically, the two rights of action are entirely separate and distinct. For example, the parent's cause of action may be barred by limitations, though the child's is not. Thus, the parent is not, as is sometimes held, a mere assignee of a part of the child's cause of action. But the parent's right of action, although distinct from the child's right of action, is based upon and arises out of the negligence that causes the injury to the child. *Jones v. Schmidt*, 349 Ill. App. 336, 341 (1953). Thus, in most situations, the parent cannot recover unless the child also has a good cause of action. *Jones*, 349 Ill. App. at 341. For a complete analysis, see Annotation, *Sexual Child Abuser's Civil Liability to Child's Parent*, 54 A.L.R.4th 93 (1987).

In the present case, should plaintiff Jane Doe's cause of action for negligence ultimately fail, then so too should the parent plaintiffs' cause of action for negligence fail. This is consistent with the holding enunciated in *Jones*. However, the *Jones* holding does not preclude plaintiffs John and Mary Doe from bringing other causes of action against defendants for injuries they have suffered that were proximately caused by the primary injuring event sustained by their child. The allegations of fraudulent concealment, intentional infliction of emotional distress, and civil conspiracy allegedly committed by defendants upon plaintiffs John and Mary Doe, occurring after the injury sustained by their child, were acts done independently to them. However, the causes of action are factually related. Therefore, we determine that plaintiffs John and Mary Doe may maintain independent causes of action against defendants on those allegations.

For the foregoing reasons, the judgment of the circuit court of

Lake County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McLAREN and DOYLE, JJ., concur.