KELLY EVANS, a Minor, by her Mother and Next Friend, Patricia Evans Husted, Plaintiff-Appellant, v. GENERAL MOTORS CORPORATION *et al.*, Defendants-Appellees.

Second District   No. 2—99—0513

Opinion filed June 19, 2000.

Maureen Flaherty, of Lehrer, Flaherty & Canavan, of Wheaton, for appellant.

John T. Williams, Denean K. Sturino, and Hugh S. Balsam, all of Lord, Bissell & Brook, of Chicago, for appellee General Motors Corporation.

James L. Pittman, of Grant, Ross & Pittman, of Chicago, for appellee Howard Pontiac, Inc.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Kelly Evans, a minor, by her mother and next friend, Patricia Evans Husted, appeals from the following orders of the circuit court of Du Page County: (1) the December 23, 1998, order dismissing the first two counts in her complaint as being barred by the statute of limitations; and (2) the April 1, 1999, order granting the defendants' motion for summary judgment as to count III of her complaint on the grounds of *res judicata* and collateral estoppel.

The facts relevant to the disposition of this appeal are as follows. On July 17, 1992, Patricia Evans Husted (Patricia) purchased a new 1992 Pontiac Grand Am from Howard Pontiac. On June 7 and June 8, 1993, Patricia brought the Grand Am into Howard Pontiac for brake repairs. On June 13, 1993, while Patricia was driving the Grand Am, an accident occurred. Kelly Evans, Patricia's minor daughter (Kelly), was a passenger in the car and suffered injuries. The accident allegedly occurred when the Grand Am's brakes failed.

On February 5, 1996, Patricia filed a complaint against the defendants, General Motors Corporation (GMC) and Howard Pontiac. Patricia alleged that GMC and Howard Pontiac breached their written and implied warranties under the federal Magnuson-Moss Warranty

Act (15 U.S.C. § 2301 *et seq.* (1994)). Patricia alleged that the Grand Am had defective brakes, which Howard Pontiac did not properly repair or replace. Patricia therefore sought to revoke her contract with the defendants and to recover contract damages as well as incidental and consequential damages.

Patricia further alleged that GMC and Howard Pontiac violated the Illinois Consumer Fraud and Deceptive Business Practices Act (the Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 1996)) and committed common-law fraud during the sale of the Grand Am. Patricia alleged that Howard Pontiac had falsely represented to her that vehicle was "new," in good condition, and free from defects. She alleged that Howard Pontiac committed the fraud, but that GMC was jointly responsible for the fraud due to its alleged principal-agent relationship with Howard Pontiac.

During discovery, GMC propounded interrogatories upon Patricia. One of the interrogatories requested that Patricia identify the nature of the injury that she was claiming as a result of the June 13, 1993, accident. Patricia responded that her daughter, Kelly, had received numerous injuries, including a head injury, two sprained legs, and cuts and bruises on her body.

On or about December 13, 1996, GMC filed a motion for summary judgment on the causes of action based upon common-law fraud and the Consumer Fraud Act. GMC argued that Patricia could not establish that Howard Pontiac was GMC's agent for purposes of selling cars manufactured by GMC to the public. On February 25, 1997, the trial court granted GMC's motion for summary judgment on the fraud counts.

On May 19, 1997, Patricia and the defendants entered into a settlement. Pursuant to the terms of the settlement, Patricia received $40,000 in return for dismissing with prejudice the remaining allegations contained in her complaint. In addition, the settlement provided that the "dismissal shall be a bar to the bringing of any action based on or including the claim for which this action [was] brought."

On September 4, 1998, Kelly, by and through her mother and next friend Patricia, filed a three-count complaint against the defendants. This complaint was based on the sale and repair of the Grand Am and the June 13, 1993, accident. Kelly sought to recover for injuries she suffered due to the accident. Counts I and II alleged that the defendants had breached both written and implied warranties under the Magnuson-Moss Warranty Act. Count III alleged that the defendants had been negligent in the repairs performed on the Grand Am immediately prior to the accident.

On October 7, 1998, GMC filed a motion to dismiss the first two

counts of Kelly's complaint pursuant to section 2—619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—619 (West 1998)). GMC argued that these counts were barred because Kelly had failed to file her action within the applicable four-year statute of limitations provided by section 2—725 of the Uniform Commercial Code (the UCC) (810 ILCS 5/2—725 (West 1998)). GMC also argued that Kelly had failed to state a cause of action under the Magnuson-Moss Warranty Act because she was seeking recovery only for personal injuries. On December 3, 1998, Howard Pontiac filed a motion to adopt GMC's motion to dismiss.

On December 23, 1998, the trial court dismissed the first two counts in Kelly's complaint. The trial court held that Kelly's warranty claims were barred by the four-year statute of limitations in section 2—725 of the UCC (810 ILCS 5/2—725 (West 1998)). In so ruling, the trial court explained that it was not ruling on whether Kelly had properly stated a cause of action under the Magnuson-Moss Warranty Act.

On January 15, 1999, GMC filed a motion for summary judgment as to the remaining allegation in Kelly's complaint regarding negligent repair. GMC argued that this count was barred under the doctrines of *res judicata* and collateral estoppel. GMC argued that Kelly's action was barred by *res judicata* because her claim was based on the same operative facts and involved the same legal interests as Patricia's earlier claim. GMC argued that both claims involved allegedly defective brakes, negligent repair of the brakes, and damages and injuries resulting from a June 13, 1993, accident. GMC further argued that Kelly was barred by collateral estoppel from relitigating the trial court's ruling in Patricia's case that no agency relationship existed between GMC and Howard Pontiac. Alternatively, GMC argued that it was entitled to summary judgment because Kelly could not establish that an agency relationship existed between GMC and Howard Pontiac. On January 21, 1999, the trial court granted Howard Pontiac leave to join GMC's motion for summary judgment.

On April 1, 1999, the trial court granted the defendants' motion for summary judgment. The trial court held that Kelly's negligent-repair count was barred by *res judicata* and collateral estoppel. The trial court found that there was no reason that Patricia could not have brought Kelly's action at the same time that she brought her own action. Kelly thereafter filed a timely notice of appeal.

I

Kelly's first contention on appeal is that the trial court erred in dismissing the first two counts of her complaint as being barred by the

statute of limitations. Kelly argues that, due to her minority, section 13—211 of the Code allowed her two years after she turned 18 to file her action. See 735 ILCS 5/13—211 (West 1998). As she had not yet turned 18 at the time she filed her lawsuit, Kelly argues that her lawsuit was timely filed.

The defendants respond that the trial court properly dismissed the first two counts of Kelly's complaint because she did not comply with the four-year statute of limitations under section 2—725 of the UCC. See 810 ILCS 5/2—725 (West 1998). The defendants argue that section 2—725(1) forbids the increasing of the four-year statute of limitations under any circumstances.

■ We note that the primary purpose of section 2—619 is to afford a means of obtaining, at the outset of a case, a summary disposition of issues of law and of easily proved questions of fact. *Clay v. Kuhl*, 297 Ill. App. 3d 15, 19 (1998). Under section 2—619(a)(5), a defendant may raise a statute of limitations as a defense to the action. 735 ILCS 5/2—619(a)(5) (West 1998). When the defendant does so, the plaintiff must provide enough facts to avoid the application of the statute of limitations. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 84 (1995). Furthermore, when the defendant files a motion to dismiss pursuant to section 2—619, all well-pleaded facts and reasonable inferences are accepted as true for purposes of the motion; conclusions of law, however, are not accepted as true. *Hermitage*, 166 Ill. 2d at 85. A reviewing court should conduct an independent review of the propriety of dismissing the complaint and is not required to defer to the trial court's reasoning. *Clay*, 297 Ill. App. 3d at 19.

■ Both parties acknowledge that whether Kelly's action was timely filed is determined by examining the provisions of section 2—725 of the UCC (810 ILCS 5/2—725 (West 1998)). See *Berry v. G.D. Searle & Co.*, 56 Ill. 2d 548, 554 (1974) (the statute of limitations in section 2—725(1) of the UCC applies to actions for personal injury predicated upon a theory of breach of warranty under the UCC). Section 2—725 provides in pertinent part:

"(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued.

\* \* \*

(4) This Section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this Act becomes effective." 810 ILCS 5/2—725(1), (4) (West 1998).

The principles governing statutory interpretation are well settled. The primary rule is that a court should determine and give effect to the legislature's intent. *Lucas v. Lakin*, 175 Ill. 2d 166, 171 (1997).

This intent is best discerned from the words of the statute itself. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 397 (1994). Where the statutory language is clear and unambiguous, a court must construe the statute as enacted without adding exceptions, conditions, or limitations to the legislature's clearly expressed intent. *Bethania Ass'n v. Jackson*, 262 Ill. App. 3d 773, 776-77 (1994). Additionally, a court must construe the statute so as to give each provision some reasonable meaning and to avoid finding surplusage, if possible. *Bethania Ass'n*, 262 Ill. App. 3d at 777. On appeal, an issue of statutory construction is subject to *de novo* review. *Lucas*, 175 Ill. 2d at 171.

■ The plain language of section 2—725(4) states that it "does not alter the law on tolling." 810 ILCS 5/2—725(4) (West 1998). Section 13—211 of the Code contains the general law on tolling in Illinois for minors and persons under legal disability. See 735 ILCS 5/13—211 (West 1998). Under this section, a person under the age of 18 years may bring an action within two years after the person attains the age of 18 years. 735 ILCS 5/13—211 (West 1998). As Kelly filed her action within the time frame permitted by the general tolling provisions of section 13—211 of the Code, her action was timely filed. Thus, we reverse the trial court's order dismissing counts I and II of her complaint on statute of limitations grounds.

■ In so ruling, we reject the defendants' contention that section 13—211 does not toll the limitations period contained in section 2—725 of the UCC (810 ILCS 5/2—725 (West 1998)). Section 13—211 tolls any action specified under sections 13—201 to 13—210 of the Code. 735 ILCS 5/13—211 (West 1998). Section 13—206 of the Code specifies that actions brought on a written contract must be brought within 10 years, except as provided by the UCC, which then shortens the limitations period to 4 years. 735 ILCS 5/13—206 (West 1998); 810 ILCS 5/2—725(1) (West 1998). Here, as Kelly brought her action on the warranty provisions on a written contract, section 13—211 of the Code applied to give her two years after she turned 18 to file her action.

In so holding, we find unpersuasive those authorities cited by the defendants in which Illinois courts have refused to extend the four-year statute of limitations under section 2—725. See, *e.g., Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69, 94 (1982) (four-year statute of limitations applicable to all breach of warranty claims); *Nelligan v. Tom Chaney Motors, Inc.*, 133 Ill. App. 3d 798, 804 (1985) (discovery rule does not apply to warranty action). None of the cases relied on by the defendants involved the applicability of section 2—725(4).

We also reject the defendants' argument that, because commercial

interests are best served by quickly bringing finality to commercial agreements, we must interpret section 2—725 so as to bar Kelly's action. Instead, we believe that our interpretation is supported by the long-established policy in Illinois of protecting the interests of minors. See *Fess v. Parke, Davis & Co.*, 113 Ill. App. 3d 133, 135 (1983) (statutes of limitations are to be construed so as to preserve a minor's right to a day in court).

■ GMC offers two alternate bases for affirming the dismissal of the first two counts of Kelly's complaint. Specifically, GMC maintains that Kelly cannot recover solely for personal injuries under the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 *et seq.* (1994)). Although the defendants raised this contention before the trial court, the trial court did not consider it. Accordingly, we decline to consider the merit of this contention for the first time on appeal. See *Lafata v. Village of Lisle*, 185 Ill. App. 3d 203, 207 (1989) (issues not considered by trial court cannot be argued on review). However, we direct the trial court, on remand, to consider this argument raised by the defendants in support of their motion to dismiss. See *First Arlington National Bank v. Stathis,* 90 Ill. App. 3d 802, 816 (1980).

■ Additionally, GMC argues that we may affirm the trial court's dismissal order because Kelly's complaint was based on the same operative facts as Patricia's complaint, which previously had been dismissed with prejudice. GMC contends, therefore, that Kelly's complaint would also be barred by the doctrine of *res judicata*. This argument, however, was not raised before the trial court and is therefore waived. See *Jeanblanc v. Sweet*, 260 Ill. App. 3d 249, 254 (1994). Moreover, for the reasons discussed below, we do not believe that *res judicata* is applicable to the case at bar.

## II

Kelly's second contention on appeal is that the trial court erred in granting the defendants summary judgment on count III of her complaint. Kelly argues that the trial court erred in finding that her count alleging negligent repair was barred by *res judicata* and collateral estoppel because Patricia had raised the same issue in her complaint. Kelly contends that *res judicata* and collateral estoppel were not applicable because (1) there was not an identity of causes of action in her suit and Patricia's; and (2) she was not in privity with Patricia.

■ Prior to considering the merits of this issue, we briefly consider a motion that has been taken with the case. GMC requests that we strike those portions of Kelly's reply brief that argue that the trial court erred in granting the defendants' motion for summary judgment on grounds of collateral estoppel. GMC contends that, as Kelly failed

to address this issue in her appellate brief, she is now barred from raising it in her reply brief. See 177 Ill. 2d R. 341(e)(7).

Based on our review of the record, we believe that Kelly sufficiently addressed the issue of collateral estoppel in her appellate brief to preserve that issue for our consideration. In her appellate brief, Kelly argues, although not extensively, that the trial court erred in dismissing count III of her complaint on either of the grounds of *res judicata* or collateral estoppel. Kelly argues that, because she was not in privity with her mother and did not share a common cause of action with her mother, neither collateral estoppel nor *res judicata* applied to her cause. Accordingly, because Kelly addressed the issue of collateral estoppel in her appellate brief, we deny GMC's motion to strike portions of her reply brief.

Turning to the merits of Kelly's second contention, we note that the purpose of a motion for summary judgment is to determine whether a genuine issue of triable fact exists (*Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986)) and that such a motion should be granted only when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" (735 ILCS 5/2—1005(c) (West 1998)). An order granting summary judgment should be reversed if the evidence shows that a genuine issue of material fact exists or if the judgment was incorrect as a matter of law. *Clausen v. Carroll*, 291 Ill. App. 3d 530, 536 (1997). The disposition of a summary judgment motion is not discretionary, and the standard of review is *de novo. Quinton v. Kuffer*, 221 Ill. App. 3d 466, 471 (1991).

■ Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334-35 (1996). The bar extends to what was actually decided in the first action, as well as those matters that could have been decided in that suit. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998). For the doctrine of *res judicata* to apply, the following three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies. *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 73-74 (1994).

■ In the case before us, the parties do not dispute that the dismissal of Patricia's case with prejudice constituted a final judgment on the merits. However, they do dispute whether there was an identity of causes of action and whether Patricia and Kelly were in privity. The

defendants maintain that there is an identity of causes of action because Patricia's and Kelly's complaints arose from the same operative facts, *i.e.*, Patricia's purchase of the Pontiac Grand Am and the June 13, 1993, car accident. The defendants further argue that Kelly and Patricia were in privity because they shared the same legal interests and Patricia adequately represented Kelly at the first proceedings. Kelly contends that her action is distinct from Patricia's and that she was not in privity with Patricia.

Here, regardless of whether there was an identity of cause of action between Patricia's and Kelly's suits, it is apparent that *res judicata* was not applicable to the case at bar because Patricia and Kelly were not in privity. Privity exists between parties who adequately represent the same legal interests. *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 296 (1992). Parents acting in their individual capacity cannot recover for a minor child's personal injuries. See *Doe v. Montessori School*, 287 Ill. App. 3d 289, 301-02 (1997); 59 Am. Jur. 2d *Parent & Child* § 97, at 237 (1987). Rather, the right to recover for a minor child's personal injuries lies exclusively with the child. See *Doe*, 287 Ill. App. 3d at 301-02; 59 Am. Jur. 2d *Parent & Child* § 97, at 237 (1987). This is because a cause of action for personal injuries is not assignable on public policy grounds. *Town & Country Bank v. Country Mutual Insurance Co.*, 121 Ill. App. 3d 216, 218 (1984). Moreover, a parent has no legal right, by virtue of the parental relationship, to settle a minor's cause of action, and court review and approval of a settlement reached by a parent also are mandatory. *Ott v. Little Company of Mary Hospital*, 273 Ill. App. 3d 563, 571 (1995).

In this case, Patricia filed her complaint solely in her own name. In seeking to recover for damages incurred due to the June 13, 1993, car accident, Patricia therefore could not recover for Kelly's personal injuries. See *Doe*, 287 Ill. App. 3d at 301-02. Accordingly, the element of privity between Kelly and Patricia was missing so as to preclude the application of *res judicata*. As Patricia could not recover for Kelly's personal injuries in the first suit because Patricia brought that suit solely in her own name, Kelly's interests could not be adequately represented in that first action.

Additionally, we find without merit the defendants' argument that *res judicata* should be applied on public policy grounds. The defendants argue that, since both Patricia's and Kelly's complaints contain nearly identical allegations, it would be inherently unfair and would thwart judicial economy to force the defendants to relitigate this matter. Defendant Howard Pontiac further argues it was objectively reasonable for it to believe that Patricia was representing Kelly's interests when Patricia claimed Kelly's injuries as part of the damages flowing from

the defective brakes and resulting accident. Moreover, Howard Pontiac argues that it was reasonable for it to believe that the $40,000 it paid to Patricia in settling her lawsuit included compensation for Kelly's injuries.

The record is not clear as to whether the settlement Patricia and the defendants entered into included compensation for Kelly's personal injuries. However, even if Patricia and the defendants contemplated such a result, this settlement would not be binding on Kelly. As noted above, a mother acting solely in her own capacity cannot sign away her daughter's right of action for personal injury. See *Ott*, 273 Ill. App. 3d at 571. Here, as Patricia entered into an agreement solely in her own name, she lacked the power to relinquish any of Kelly's rights of recovery against the defendants. Furthermore, as the settlement between Patricia and the defendants did not bar Kelly from seeking to recover for her personal injuries, we are aware of no public policy reason that would now preclude Kelly from seeking such damages.

Finally, we note that the doctrine of collateral estoppel was also inapplicable to the case at bar. The doctrine of collateral estoppel applies when a party, or someone in privity with that party, participates in two cases arising on different causes of action and some controlling fact or issue material to the determination of both causes has been adjudicated against the party in the former case by a court of competent jurisdiction. See *In re Marriage of Firestone*, 158 Ill. App. 3d 887, 892 (1987). As discussed above, since Patricia and Kelly were not in privity, Kelly's case could not be barred by the doctrine of collateral estoppel. Accordingly, for all the foregoing reasons, we do not believe that *res judicata* or collateral estoppel were applicable to the case at bar and that the trial court erred in dismissing count III of Kelly's complaint on these grounds.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for additional proceedings consistent with this opinion.

Reversed and remanded.

McLAREN and COLWELL, JJ., concur.