Terrell JONES, Jr., Plaintiff–Appellant,

v.

SYNTEX LABORATORIES, INC., and Syntex (USA), Inc., Defendants–Appellees.

No. 00–2992.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 19, 2000 *.

Decided Jan. 17, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. COFFEY, Hon. MANION, Hon. DIANE P. WOOD, Circuit Judges.

## ORDER

Terrell Jones, Jr. appeals the dismissal of his complaint alleging that Syntex Laboratories, Inc. and Syntex (USA), Inc. (collectively "Syntex") manufactured and sold defective infant formula that caused him permanent mental and developmental damage. Because we disagree with the district court that the action was barred by *res judicata*, we vacate the dismissal and remand for further proceedings.

From his birth in May 1979, Terrell Jones was fed Syntex's soy-based formula marketed under the name "Neo–Mull Soy." As an infant, Terrell had been suffering from a series of unexplained illnesses when his mother, Lois, learned of a mailgram Syntex had issued to pediatricians, warning of a high incidence of metabolic Alkalosis in infants that were fed its soy formulas. Convinced her son had been injured by ingesting Syntex's formula, Lois filed a pro se products liability action in the circuit court of Cook County, Illinois, in November 1979. Lois named only herself as plaintiff, but she alleged that Terrell alone suffered injury. Apparently, though, Lois took no action to further the case, and her complaint was dismissed for want of prosecution in 1981.

Five years later, in 1986, a different circuit court judge, for reasons not explained in the record, entered an order purporting to vacate the 1981 dismissal and giving Lois 30 days to amend her complaint. What transpired over the next nine years is a mystery, but in 1995 Lois inexplicably petitioned under 735 ILCS § 5/2–1401 to vacate the 1981 dismissal, even though that relief apparently had been granted in 1986. Lois's § 2–1401 petition was denied by yet another circuit court judge. Two years later in 1997, again for reasons not disclosed by the record, the same circuit court judge who denied Lois's § 2–1401 petition issued an

order explaining that the 1986 order purporting to vacate the initial dismissal was void, and that the original dismissal for want of prosecution had ended Lois's suit. Lois appealed none of these orders.

On May 11, 1999, Terrell's twentieth birthday, he and Lois resurrected their products liability action in federal court under the diversity jurisdiction. Recognizing that Terrell was no longer a minor and believing that Lois was not claiming an injury to herself, the district court immediately dismissed Lois but allowed Terrell's claim to proceed. Syntex then moved for dismissal, which the district court granted, relying on the doctrine of *res judicata*. Only Terrell appeals.

In its motion to dismiss, Syntex argued that Terrell's claim was barred by *res judicata* because, according to Syntex, the 1981 dismissal of Lois's complaint for want of prosecution served as a final judgment on the merits. To make this argument, Syntex erroneously relied upon the federal standard for failure-to-prosecute dismissals under Federal Rule of Civil Procedure 41(b), which are viewed as final determinations on the merits. *See* Fed. R.Civ.P. 41(b); *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 607 (7th Cir.1989). As the district court pointed out, however, a state court judgment has precisely the same preclusive effect in federal court as it would in the issuing state, *see Staats v. County of Sawyer*, 220 F.3d 511, 514 (7th Cir.2000), and under Illinois law dismissals for want of prosecution are not considered final judgments on the merits until the statute of limitations and a one-year refiling period have expired, which as to Terrell was not the case. *See* 735 ILCS 5/13–217; *see also* Ill. S.Ct. R. 273; *Harl v. City of LaSalle*, 679 F.2d 123 (7th Cir.1982); *S.C. Vaughan Oil Co. v. Caldwell, Troutt, & Alexander*, 181 Ill.2d 489, 230 Ill.Dec. 209, 693 N.E.2d 338, 344 (1998); *Farrar v.*

*Jacobazzi*, 245 Ill.App.3d 26, 185 Ill.Dec. 125, 614 N.E.2d 259, 263 (Ill.App.1993).

■ Recognizing that the 1981 dismissal was not a final judgment, the district court proceeded to analyze the effect of Lois's 1995 motion under 735 ILCS § 5/2–1401 to vacate the 1981 failure-to-prosecute dismissal. The district court decided that the unappealed denial of this motion operated as a final judgment on the merits and barred Terrell's claim. Although the Illinois courts distinguish a § 2–1401 petition as "a separate action and not a continuation of the earlier action," *see In re Marriage of Baumgartner*, 226 Ill.App.3d 790, 168 Ill.Dec. 767, 590 N.E.2d 89, 92 (Ill.App.1992), the district court concluded that when the state court refused to vacate the earlier dismissal and denied the § 2–1401 motion, that denial served as bar to subsequent motions to vacate in state court. From this the district court then reasoned that Terrell's federal complaint was essentially another attempt to vacate the 1981 dismissal and would therefore be barred by *res judicata*. The cases cited by the district court and by the defendants, however, do not compel this conclusion, especially considering that relief under § 2–1401 is available only from final judgments. *See Vaughan*, 230 Ill.Dec. 209, 693 N.E.2d at 342.

■■ Ultimately, however, we find it unnecessary to resolve definitely the effect of Lois's § 2–1401 petition because there exists a more fundamental problem with applying the doctrine of *res judicata* to bar Terrell's claim. For *res judicata* to apply, there must be not just a previous judgment on the merits and an identity of causes of action between the old and new lawsuits, but also an identity of *parties*. *See River Park v. City of Highland Park*, 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883, 889 (Ill.1998). The district court focused on the first two of these elements

but merely assumed without discussion that Lois and Terrell were in privity because of the parent-child relationship. Terrell, though, attempted to argue in responding to Syntex's motion to dismiss that he and his mother were not in privity, and we agree.

■ Under Illinois law, a minor cannot pursue litigation except through a guardian, guardian ad litem, or "next friend," *see Doe v. Montessori School*, 287 Ill.App.3d 289, 223 Ill.Dec. 74, 678 N.E.2d 1082, 1089–90 (Ill.App.1997), and a parent must obtain counsel before proceeding in the role of her child's "next friend," *see Blue v. Illinois*, 223 Ill.App.3d 594, 165 Ill.Dec. 894, 585 N.E.2d 625, 596 (Ill.App. 1992); *see also Bullock v. Dioguardi*, 847 F.Supp. 553, 560 (N.D.Ill.1993). Illinois takes the view that allowing pro se litigants to represent minors "undermines the full protection of the minors' legal rights and also invites abuse," and so deems void any judgment entered in litigation initiated by a pro se parent on behalf of a child, *see Blue*, 585 N.E.2d at 596–97 (internal quotation marks and citation omitted). Moreover, because privity exists only "between parties who adequately represent the same interests," Illinois would find privity absent where an unrepresented parent purports to litigate on behalf of a minor child. *See Evans ex rel. Husted v. General Motors Corp.*, 314 Ill.App.3d 609, 247 Ill.Dec. 363, 732 N.E.2d 79, 86 (Ill.App.2000). In this instance the Illinois circuit courts never appointed a guardian ad litem to initiate and supervise litigation on Terrell's behalf, and Lois, thought she purported to do so, could not act for Terrell because she never hired counsel to represent her son's interests. Accordingly, we conclude that the Illinois courts would reject the assumption that Terrell was in privity with his mother, and that the state courts would thus refuse to give *res judicata* effect to any judgment

awarded against Lois in subsequent litigation initiated by Terrell. *See id.*

Therefore, we VACATE the order of the district court and REMAND the case for further proceedings.