**Richard E. SHAW, Plaintiff-Appellant,**

v.

**REPUBLIC DRILL CORPORATION,
Defendant-Appellee.**

**No. 86–1610.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 12, 1986.

Decided Jan. 28, 1987.

Holland C. Capper, Holland, Capper, Capper, P.C., Chicago, Ill., for plaintiff-appellant.

Hyman K. Bielsky, Matkov, Griffin, Parson, et al., Chicago, Ill., for defendant-appellee.

Before POSNER and COFFEY, Circuit Judges, and PELL, Senior Circuit Judge.

PER CURIAM.

Appellant Richard Shaw, seeking damages on an employment contract, has come to the wrong court. Shaw does not want damages for breach of the employment contract from his former employer. Rather, he seeks damages from the corporation that allegedly bought substantially all of the assets of Republic Drill and Tool Company, his former employer. His case rests on a provision in his employment contract which provides that "in the event that Employer shall sell all or substantially all of [its] assets ... this [a]greement shall be binding upon any such successors." Al-though Illinois law controls here, Shaw does not refer us to any Illinois cases to support his claim that this provision can be enforced against the purchasing corporation.

Our review of the Illinois case law discloses that the general rule is that a corporation purchasing the assets of another corporation does not assume the liabilities of the selling corporation. *See Green v. Firestone Tire & Rubber Co.,* 122 Ill. App.3d 204, 77 Ill.Dec.2d 591, 460 N.E.2d 895, 898 (2d Dist.1984); *Gonzalez v. Rock Wool Engineering,* 117 Ill.App.3d 435, 72 Ill.Dec. 917, 453 N.E.2d 792 (1st Dist.1983); *Nguyen v. Johnson Machine & Press Corp.,* 104 Ill.App.3d 1141, 60 Ill.Dec. 866, 433 N.E.2d 1104 (1st Dist.1982); *State ex rel. Donahue v. Perkins & Will Architects, Inc.,* 90 Ill.App.3d 349, 45 Ill.Dec. 696, 413 N.E.2d 29 (1st Dist.1980). Illinois recognizes four exceptions to the general rule but none of these exceptions are applicable here. Shaw asks us to create a fifth exception to the general rule in order to enforce the contract against the purchasing corporation. We decline appellant's invitation to create a fifth exception in Illinois to the general rule of nonliability. In the context of pendent state law claims, we have already indicated our unwillingness to speculate on any trends in state law. *See Trembath v. St. Regis Paper Co.,* 753 F.2d 603, 605 (7th Cir.1985); *see also Enis v. Continental Illinois National Bank & Trust Co.,* 795 F.2d 39 (7th Cir.1986). This policy applies with special force to a plaintiff in a diversity case who has chosen to litigate his state law claim in federal court. We write only to emphasize that our policy will continue to be one that requires plaintiffs desirous of succeeding on novel state law claims to present those claims initially in state court.

AFFIRMED.