**MHR CORPORATION, Plaintiff,**

v.

**Albert ROBIN, Defendant.**

**No. 88 C 4614.**

United States District Court,
N.D. Illinois, E.D.

June 24, 1988.

---

Nathan Dardick, Ellen Barron Feldman, Dardick & Denlow, Chicago, Ill., for plaintiff.

Lawrence B. Ordower, Ordower & Ordower, P.C., Chicago, Ill., for defendant.

## SUPPLEMENT TO MINUTE ORDER OF DISMISSAL

SHADUR, District Judge.

At a specially-set status hearing this morning—triggered by the receipt of a Fed.R.Civ.P. ("Rule") 12(b)(6) motion to dismiss filed on behalf of defendant Albert Robin ("Robin")—this Court dismissed the Complaint brought against Robin by MHR Corporation ("MHR") to recover the $32,-000 price of two sculptures Robin had allegedly agreed to buy. MHR's claim was unenforceable (and was acknowledged by its counsel to be unenforceable in the face of Robin's motion) because:

1. Count I, sounding in breach of an alleged oral contract, ran afoul of the Illinois Statute of Frauds, Ill.Rev.Stat. ch. 26, ¶ 2–201(1).

2. Count II, asserting an account stated, was based on an invoice MHR had sent Robin, not on any corresponding acknowledgement by Robin. That cause of action could not be sustained in that form without subverting the Statute of Frauds as well.

Established practice allows such affirmative defenses as MHR had advanced to be presented in the first instance by a Rule 12(b)(6) motion rather than in conjunction with an answer (see 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1357, at 605–06, 608–09 and associated footnotes (1969 ed. and 1987 supp.)). In this instance, because any repleading by MHR concededly could not present any additional facts to overcome the unenforceability problems identified in the preceding paragraph, this Court found not only the Complaint but the action itself should be dismissed.

Able counsel for MHR suggested the possibility that Robin, who has allegedly engaged in a pattern of making and then dishonoring oral commitments to purchase artworks, could be sued in fraud. This Court pointed out that its own research had disclosed Illinois authority holding otherwise. Thus *Ozier v. Haines*, 411 Ill. 160, 163, 103 N.E.2d 485, 487 (1952) (emphasis added, citations omitted) said this:

> However, the moral wrong of refusing to be bound by an agreement because it does not comply with the Statute of Frauds, does not of itself authorize the application of the doctrine of estoppel, *for the breach of a promise which the law does not regard as binding is not a fraud....* To hold otherwise would be to render the statute entirely nugatory.

Accordingly this Court did not grant MHR leave to replead.

It is of course possible that result may place MHR in a Catch–22 situation if it wishes to pursue a possible fraud-based claim of a ground-breaking character. Under *Erie v. Tompkins* principles (this case was brought in federal court under diversity jurisdiction) this Court must perforce adhere to Illinois authority, and our Court of Appeals issues regular reminders that the assertion of novel state-law claims belongs in the state courts (which are free to change or expand Illinois law) rather than the federal courts (which are not)—see, e.g., *Shaw v. Republic Drill Corp.*, 810 F.2d 149, 150 (7th Cir.1987) (per curiam); *Gust K. Newberg Construction Co. v. E.H. Crump & Co.*, 818 F.2d 1363, 1368 (7th Cir.1987).[1]

That means a dismissal of the Complaint, with leave to replead in this District Court a horizon-expanding claim of the kind MHR's counsel suggests, would be a useless gesture necessarily leading to dismissal of that claim too. Yet this Court's dismissal of the entire action without leave to replead creates the prospect of claim preclusion (res judicata), under which MHR would be foreclosed even in a state court

---

1. As this Court has pointed out, under the inversion of the Supremacy Clause mandated by *Erie v. Tompkins,* federal courts engage in "rubber-stamp jurisprudence" (*Zick v. Verson Allsteel Press Co.*, 623 F.Supp. 927, 930 (N.D.Ill.1985), aff'd mem., 819 F.2d 1143 (7th Cir.1987)).

from asserting not only its already-stated claims but also any claims (such as a fraud-based claim) that *could* have been asserted in this lawsuit.

Under those circumstances this Court would be prepared to consider, if MHR determines it does wish to proceed on its other theory, a timely motion under Rule 59(e) for modification of the order of dismissal to provide it is without prejudice to the assertion of such a claim in the state court but not here. If that were done, Robin (an Illinois citizen) would be precluded by 28 U.S.C. § 1441(b) from removing the action to this District Court and thus recreating the potential Catch–22 result described earlier.

Of course this Court expresses no opinion as to the efficacy of such a possible modification of the dismissal order to avoid claim preclusion consequences. Any decision as to the preclusive effect of a court order is for the second court (which in this instance would be the state court) and not for the first court (this Court) to make—see this Court's opinion in *American National Bank & Trust Co. v. City of Chicago,* 636 F.Supp. 374, 381 (N.D.Ill.1986), *aff'd,* 826 F.2d 1547 (7th Cir.1987).