**UNIT TRAINSHIP, INC.,**
Plaintiff–Appellant,

v.

**SOO LINE RAILROAD COMPANY,**
Defendant–Appellee.

No. 88–2812.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 3, 1989.
Decided June 15, 1990.

Eric Samore, Lawrence R. Smith, Rosalyn M. Golden, Michael Resis, Victor J. Piekarski, Querry, Harrow, Gulanick & Kennedy, Chicago, Ill., for plaintiff-appellant.

Marvin F. Metge, Bruce C. Spitzer, Gorham, Metge, Bowman & Hourigan, Chicago, Ill., for defendant-appellee.

Before BAUER, Chief Judge, FLAUM and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Unit Trainship, Inc. ("UTI") filed a complaint in the Circuit Court of Cook County, Illinois, against the defendant, Soo Line Railroad ("Soo Line"), and the Trustee of the Chicago, Milwaukee, St. Paul & Pacific Railroad Company ("Milwaukee Road"). The Milwaukee Road was engaged in reorganization proceedings at the time. Subsequently, the Circuit Court dismissed with prejudice the defendant Trustee because he had been discharged by the final decree of the reorganization court. The Soo Line then petitioned for removal of this action to the United States District Court for the Northern District of Illinois based on diversity of citizenship. The petition was granted.

The complaint made the following factual allegations. At some time prior to May 12, 1977, UTI and the Milwaukee Road entered an oral contract regarding the running of a unit-train between Chicago and Seattle (a unit-train consists of flat rail cars which carry trailers or containers of freight). UTI would guarantee $25 million in annual revenue to the Milwaukee Road, which would act as the common carrier, for which UTI would receive a brokerage commission of 10% of total revenues. On May 12, 1977, UTI and the Milwaukee Road filed a joint petition before the Interstate Commerce Commission ("ICC") seeking an order approving the concept of a unit-train. Approval of the concept by the ICC was the only condition precedent to the contract. On September 6, 1977, the Milwaukee Road moved to withdraw from the ICC proceedings, thereby indicating its intention to breach the contract. The Milwaukee Road thereafter failed to participate in the joint petition.

The complaint also alleged that the oral contract was breached by the Milwaukee Road on two occasions. First, when it attempted to withdraw from the joint petition to the ICC and, second, when the Trustee failed to operate the unit-trains between Chicago and Seattle after the ICC had approved the unit-train concept.

In district court, the Soo Line filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. Because matters outside the pleadings were presented to the district court, it determined that the motion to dismiss should be converted to a motion for summary judgment. Counsel was notified of the change and allowed a reasonable opportunity to present all material pertinent to a motion for summary judgment. UTI filed a supplemental memorandum opposing the motion for summary judgment and two affidavits. One of the affidavits was from Thomas Ploss, legal counsel for the Milwaukee Road. His affidavit included the statement that the contract was breached when the Milwaukee Road withdrew from the agreement and moved to dismiss the joint petition to the ICC. The Soo Line filed a reply brief to UTI's supplemental memorandum.

The following occurrences and transactions play an important role in the resolution of this dispute. On December 19, 1977, the Milwaukee Road filed for reorganization pursuant to the Bankruptcy Act. On April 28, 1978, the ICC approved the unit-train concept. In February of 1985, the reorganization court approved the sale of the Milwaukee Road's assets to the Soo Line, in accordance with an Asset Purchase Agreement ("APA"). The pertinent provisions of the APA provide:

12. Soo agree[s] to assume, discharge and pay ... and will become responsible for each of the liabilities and obligations of the Trustee as of the Closing Date relating to the Railroad ... set forth in sub-paragraphs (a) through (m) below.

. . . .

(g) Obligations with respect to litigation and claims against the Milwaukee relating to the Railroad.

. . . .

13. (a) Notwithstanding any contrary provision of this Agreement, ... Soo shall [not] be obligated to assume any liability or obligation in connection with the matters described in the following clauses (i) through (vii):

....

> (iii) all claims arising prior to the filing by the Milwaukee for reorganization pursuant to the Bankruptcy Act.

The district court granted the Soo Line's motion for summary judgment and denied UTI's subsequent motion to reconsider. UTI appeals. We affirm.

### I.

Summary judgment is appropriate when no issues of material fact exist. Fed.R.Civ. Pro. 56(c). We review *de novo* the entry of summary judgment by the district court, *Kuemmerlein v. Board of Educ.*, 894 F.2d 257, 261 (7th Cir.1990), and draw all reasonable inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Schlifke v. Seafirst Corp.*, 866 F.2d 935, 937 (7th Cir.1989). For purposes of summary judgment, the reasonable allegations of the non-moving party are accepted as true. *Lippo v. Mobil Oil Corp.*, 802 F.2d 975, 978 (7th Cir.1986); *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). The first issue which we must address is the extent to which the Soo Line assumed the obligations of the Milwaukee Road.

■ It is undisputed that the substantive issues in this case are governed by the law of Illinois. The Soo Line purchased the rail assets of the Milwaukee Road. Under Illinois law, the general rule is that a corporation which purchases the assets of another corporation does not assume the liabilities of the seller. *Shaw v. Republic Drill Corp.*, 810 F.2d 149, 150 (7th Cir.1987); *Green v. Firestone Tire & Rubber Co.*, 122 Ill.App.3d 204, 77 Ill.Dec. 591, 594, 460 N.E.2d 895, 898 (1984). However, there are recognized exceptions to the general rule. The exception that is relevant here provides that the liabilities are assumed if there is an express agreement by the purchaser to assume the liabilities. *Nguyen v. Johnson Mach. & Press Corp.*, 104 Ill. App.3d 1141, 60 Ill.Dec. 866, 868, 433 N.E.2d 1104, 1106 (1982).

■ Paragraph 12(g) of the APA is an express agreement by the Soo Line to assume the liabilities of the Milwaukee Road relating to the railroad. This agreement encompasses the claim which UTI asserts in its complaint. However, paragraph 13(a)(iii) of the APA clearly states that notwithstanding any other provision (i.e. paragraph 12(g)), the Soo Line does not assume liability for claims arising prior to the filing for reorganization by the Milwaukee Road. Thus, the combination of Illinois law and the provisions of the APA lead to the result that the Soo Line can be liable for UTI's claim only if it arose after the Milwaukee Road filed for reorganization.

Accordingly, the case before us turns on the issue of when the claim by UTI against the Soo Line arose. The district court granted the Soo Line's motion for summary judgment because it held that the claim arose when the Milwaukee Road attempted to withdraw from the ICC proceedings and failed to participate in the joint petition, which occurred before the Milwaukee Road filed for reorganization. UTI now argues that the claim did not arise until the ICC approved the unit-train concept, which was after the Milwaukee Road filed for reorganization.

UTI was the non-moving party on the motion for summary judgment. Its complaint alleged that in September of 1977, the Milwaukee Road filed a motion to withdraw from the joint petition before the ICC and refused to further participate in the proceedings which indicated its intention to breach the contract with UTI. The complaint also alleged that the issuance of an order by the ICC approving the unit-train concept was the only condition precedent to the implementation of the contract. The facts relating to the Milwaukee Road's withdrawal from the ICC petition are essentially undisputed.

■ Given these facts, we agree with the holding of the district court that the Milwaukee Road did not exercise good faith under the contract by attempting to hinder the occurrence of the condition precedent in

the contract. Under Illinois law, where a party's obligation is subject to a condition precedent, a duty of good faith and fair dealing is imposed upon that party to cooperate and to not hinder the occurrence of the condition. *Grill v. Adams*, 123 Ill. App.3d 913, 79 Ill.Dec. 342, 346, 463 N.E.2d 896, 900 (1984) (citing Restatement (Second) of Contracts § 205, Explanatory Notes § 245 comment a, at 258 (1981)). A breach of the duty of good faith and fair dealing is a breach of contract. *Raprager v. Allstate Ins. Co.*, 183 Ill.App.3d 847, 132 Ill.Dec. 224, 539 N.E.2d 787, 796 (1989).

For these reasons, we hold that the uncooperative conduct of the Milwaukee Road regarding the condition precedent of the contract constituted a breach thereof. Because this breach occurred before the Milwaukee Road filed its petition for reorganization, this claim was not assumed by the Soo Line. There are no issues of material fact and the grant of summary judgment in favor of the Soo Line was appropriate.

## II.

For the foregoing reasons, the judgment of the district court is AFFIRMED.