In the

# United States Court of Appeals
### For the Seventh Circuit

———————

No. 05-3176

JACQUE HOLLANDER,

*Plaintiff-Appellant*,

*v.*

JAMES BROWN and BROWN ENTERPRISES,
INCORPORATED,

*Defendants-Appellee*s.

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 57—**Sidney I. Schenkier**, *Magistrate Judge.*

———————

ARGUED FEBRUARY 23, 2006—DECIDED AUGUST 9, 2006

———————

Before EASTERBROOK, RIPPLE and WOOD, *Circuit Judges*.

RIPPLE, *Circuit Judge.* Jacque Hollander appeals the
dismissal, on statute of limitations grounds, of a personal
injury action that she brought against James Brown and
Brown Enterprises for an alleged 1988 incident of sexual
assault. Ms. Hollander submits that the limitations period
should not have begun until 2003, when she was informed
by her physicians that the 1988 sexual assault had caused
her to suffer from a condition known as Graves' disease. For
the reasons set forth in this opinion, we affirm the judgment
of the district court.

**I**

**BACKGROUND**

**A. Facts**

The complaint alleges the following facts; we must accept them as true in reviewing a Rule 12(b)(6) dismissal. *See Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005).

In the late 1980s, James Brown Enterprises, Inc. ("Brown Enterprises"), hired the plaintiff, Ms. Hollander, as a public relations assistant. Some time in April 1988, there was a meeting between Mr. Brown and Ms. Hollander at the offices of Brown Enterprises in Augusta, Georgia. As the meeting was wrapping up, Mr. Brown invited Ms. Hollander to take a ride with him to see a car that he was having customized. Ms. Hollander agreed, and the two drove to a nearby car dealership.

On the way back from the dealership, Mr. Brown allegedly began driving erratically and exited the highway onto a deserted piece of land in South Carolina. There, according to Ms. Hollander's complaint, he proceeded to beat, rape and psychologically torture her over the course of several hours. Mr. Brown then returned Ms. Hollander to Augusta and threatened to have her killed if she told anyone what had happened.

Ms. Hollander alleges that, some twelve years later, she was diagnosed with a condition known as Graves' disease, an auto-immune deficiency that affects the thyroid gland and causes low energy, depression and mood swings. Three years later, in 2003, Ms. Hollander was informed by a physician that the cause of her Graves' disease was the rape and torture allegedly perpetrated by Mr. Brown in 1988.

**B. District Court Proceedings**

On January 5, 2005, invoking the district court's diversity jurisdiction, Ms. Hollander brought this action against Mr. Brown and Brown Enterprises in the Northern District of Illinois. Counts I through III asserted claims against Mr. Brown for false imprisonment, intentional infliction of emotional distress, sexual assault and battery. Count IV alleged negligence against both Mr. Brown and Brown Enterprises. Count V claimed that Brown Enterprises was vicariously liable for Mr. Brown's actions under the doctrine of respondeat superior.

On February 16, 2005, Mr. Brown and Brown Enterprises joined in filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, holding that Ms. Hollander's action was barred by the two-year statute of limitations that governs tort claims for personal injury in Illinois.[1] *See* 735 ILCS 5/13-202. Under that statute, the two-year limitations period begins when the "cause of action accrued." *Id.* In determining the accrual

---

[1] It is, of course, "irregular" to dismiss a claim as untimely under Rule 12(b)(6). *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Under Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). As a result, a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense. However, as the district court observed, dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). The district court concluded that this was such a case.

date of Ms. Hollander's claim, the district court began by noting two basic principles of Illinois law: (1) that a cause of action accrues at the time a plaintiff's interests are invaded; and (2) that, under the "discovery rule," a plaintiff also must know, or be on reasonable notice, that her interests have been invaded before the limitations period begins to run. R.21 at 4.

In rejecting Ms. Hollander's claim that the discovery rule should extend the statute of limitations in this case, the court distinguished between the late realization of one's injury from the late realization of the *extent* of that injury. In the district court's view, Ms. Hollander's allegations described a sudden, traumatic injury that was, or should have been, obvious to her at the moment it occurred. The court therefore ruled that her discovery of the full extent of her injury, some fifteen years later, did not provide a basis for extending the statute of limitations.

The court also rejected Ms. Hollander's claim that the statute of limitations should have been tolled because she feared retaliation from Mr. Brown.

## II

## DISCUSSION

### A.

We first address whether the district court erred in concluding that Ms. Hollander's action was time-barred. Under the familiar rule of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), we apply Illinois[2] substantive law to resolve

---

[2] The parties do not contend in this appeal that any other
(continued...)

this question. *See Guaranty Trust v. York*, 326 U.S. 99, 110 (1945) (holding that statutes of limitations are considered substantive matters for purposes of the *Erie* doctrine). Further, as a consequence of our obligation under *Erie*, we shall not anticipate changes to state law in the absence of concrete evidence that the state court would adopt that position today. *See Birchler v. Gehl Co.*, 88 F.3d 518, 521 (7th Cir. 1996). Indeed, we have warned litigants that those who seek to base their claims on an innovation in state law would be well-advised to file their claims in state court. *See id.*; *Shaw v. Republic Drill Corp.*, 810 F.2d 149, 150 (7th Cir. 1987) (per curiam).

Under the Illinois Code of Civil Procedure, the statute of limitations for personal injury claims requires that an action be commenced within two years of the date on which the cause of action accrued. *See* 735 ILCS 5/13-202. As a general rule, a cause of action for personal injury accrues when the plaintiff suffers the injury. To alleviate the harshness that would flow from literal application of this general principle, Illinois courts also recognize a "discovery rule." *See, e.g., Parks v. Kownacki*, 737 N.E.2d 287, 294 (Ill. 2000). The effect of the discovery rule "is to postpone the commencement of the relevant statute of limitations until the injured plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Golla v. Gen. Motors Corp.*, 657 N.E.2d 894, 898 (Ill. 1995).

In determining when a plaintiff reasonably should have discovered her injury, Illinois courts distinguish between injuries caused by sudden, traumatic events and those that have a late or "insidious" onset. *See Hauk v. Reyes*, 616

---

[2] (...continued)
state's law should govern the dispute.

N.E.2d 358, 360 (Ill. App. Ct. 1993). For limitations purposes, a "sudden, traumatic event" is one that, because of its force or violence, permits the law to presume that the event immediately placed the plaintiff on notice of her injury and a right of action. *See Golla*, 657 N.E.2d at 899. When a plaintiff suffers this type of injury, her cause of action accrues on the date of the traumatic event, and the limitations period does not begin anew simply because a latent condition later may arise from the same occurrence. *See id*. The rationale is that "the nature and circumstances surrounding the traumatic event are such that the injured party is thereby put on notice that actionable conduct might be involved." *Id.*

In insidious onset cases, by contrast, the nature of the event does not permit the plaintiff to learn of her injury, or of the causal link between the defendant's conduct and her injury, until some time after the event. For example, a plaintiff who has been exposed unknowingly to asbestos may not discover until years later that she now has cancer and that the exposure was its cause. *See, e.g., Nolan v. Johns-Manville Asbestos*, 421 N.E.2d 864, 866 (Ill. 1981). In such situations, the discovery rule starts the statute of limitations from the date when the plaintiff discovers, or reasonably could discover, both her injury and the causal connection between her injury and the tortious conduct. *See id.* at 868.

Ms. Hollander submits that her injuries from the 1988 sexual battery were not sudden, but rather "slow and cumulative." Appellant's Br. at 10. The thrust of Ms. Hollander's argument is that the psychological trauma of the rape made discovery of her full injury a slow and lengthy process. Notably, Ms. Hollander does not contend either that she repressed memories of her encounter with

Mr. Brown or that she was unaware of the fact that she had been sexually assaulted until she was diagnosed with Graves' disease. Additionally, Ms. Hollander does not appear to be arguing that she ever was unaware of the false imprisonment and intentional infliction of emotional distress that she allegedly suffered at the hands of Mr. Brown.

It may well be that Ms. Hollander, like many victims of traumatic injury, only gradually came to understand the full extent of the injuries that the rape caused. However, Illinois, whose law we are obliged to apply under the *Erie* doctrine, *see Erie R.R. Co.*, 304 U.S. at 78, has made it clear that this circumstance does not justify the application of the discovery rule. In *Clay v. Kuhl*, 727 N.E.2d 217, 221 (Ill. 2000), the Supreme Court of Illinois was asked to apply the discovery rule and save an otherwise time-barred claim brought by a woman who had been abused sexually as a child. The plaintiff had alleged that the abuse began when she was nine years old and continued until she was fifteen or sixteen. She reached the age of majority in 1982, but did not bring suit until 1996, when she was nearly thirty-two years old. In urging the court to delay the running of the limitations period, she contended that her injuries were latent and did not manifest themselves fully until years after the abuse had occurred. The court rejected this argument and held that "[t]here is no requirement that a plaintiff must know the full extent of his or her injuries before suit must be brought under the applicable statute of limitations." *Id.* at 222.

In the case before us, the allegations of the complaint make clear that Ms. Hollander knew she had suffered at least some injuries at the time of the incident in 1988. For instance, she alleged that she did not consent to the sexual

intercourse with Mr. Brown, *see* R.1 at 6, and that she was aware at the time of the incident that she was falsely imprisoned, *see id.* at 5. Because Illinois law presumes a resulting injury from unwanted touching and unlawful restraint, *see Doe By & Through Doe v. Montessori Sch. of Lake Forest*, 678 N.E.2d 1082, 1089 (Ill. App. Ct. 1997), these allegations make clear that she could have filed suit within the limitations period. Indeed, Ms. Hollander does not contend that those immediate injuries were not actionable, only that the development of the full injury occurred slowly. In the words of the Supreme Court of Illinois, she is "not a plaintiff who failed to discover *any* injury, but a plaintiff who failed to discover the full extent of her injuries before the statute of limitations expired." *Golla*, 657 N.E.2d at 901 (emphasis in original). This type of plaintiff cannot benefit from the Illinois discovery rule.

**B.**

In the alternative, Ms. Hollander asserts that Illinois' doctrine of equitable estoppel should bar Mr. Brown from taking advantage of her delay in filing suit. She explains that she postponed her action for fear of retaliation by Mr. Brown who, she alleges, threatened to kill her if she told anyone of the incident.

Like the statute of limitations itself, rules that are an "integral part of the statute of limitations," such as tolling and equitable estoppel, are treated as substantive for purposes of the *Erie* doctrine. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 751-53 (1980); *Wade v. Danek Med., Inc.*, 182 F.3d 281, 289 (4th Cir. 1999) (holding that "in any case in which a state statute of limitations applies . . . the state's accompanying rule regarding equitable tolling should also

apply"). Thus, in addressing Ms. Hollander's equitable estoppel contention, we look to Illinois law for the applicable rule of decision. *See, e.g.*, *Singletary v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*, 9 F.3d 1236, 1241 (7th Cir. 1993) (applying state principles of equitable estoppel in a diversity action).

In Illinois, the doctrine of equitable estoppel suspends the running of the statute of limitations during any period in which the defendant took certain active steps to prevent the plaintiff from suing.[3] The Illinois courts apply this doctrine most typically in situations where the defendant has "lulled" the plaintiff into delaying suit, either by promising not to plead a limitations defense or by concealing evidence that the plaintiff needed to determine the existence of her claim. *See, e.g.*, *Swann & Weiskopf, Ltd. v. Meed Assocs., Inc.*, 711 N.E.2d 395, 401 (Ill. App. Ct. 1999); *Beynon Bldg. Corp. v. Nat'l Guardian Life Ins. Co.*, 455 N.E.2d 246, 252 (Ill. App. Ct.

---

[3] The Illinois cases appear, at times, to use "equitable estoppel" interchangeably with the related principle of equitable tolling. *See Smith v. City of Chicago Heights*, 951 F.2d 834, 839 n.5 (7th Cir. 1992) (recognizing the overlap in Illinois law). The cases of this court have distinguished equitable tolling as a rule that "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Singletary v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*, 9 F.3d 1236, 1241 (7th Cir. 1993). The Supreme Court of Illinois, by contrast, defines equitable tolling as a rule that, like equitable estoppel, works to suspend the limitations period when "the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way." *Clay v. Kuhl*, 727 N.E.2d 217, 221 (Ill. 2000).

1983) ("Although there is ordinarily no duty to apprise an adversary of his rights, one cannot justly or equitably lull his adversary into a false sense of security, causing him to subject his claim to the bar of the statute, and then plead the very delay caused by his course of conduct."). Some Illinois cases also appear to recognize equitable estoppel in a broader sense as a doctrine that "prevents a party from taking advantage of his own wrongdoing." *Neaterour v. Holt*, 544 N.E.2d 846, 851-52 (Ill. 1989). As one Illinois appellate court has stated: "The test is whether, considering all the circumstances of the case, conscience and honest dealing require that the defendant be estopped." *Franke v. Geyer*, 568 N.E.2d 931, 934 (Ill. App. Ct. 1991).

Most recently, however, the Supreme Court of Illinois has indicated that equitable estoppel is available only when the defendant has used misrepresentations or concealment—rather than threats of reprisal—to prevent the plaintiff from suing. In *Parks v. Kownacki*, 737 N.E.2d 287 (Ill. 2000), a former parishioner brought an action claiming that a parish priest had sexually abused her when she was a minor. She did not file her complaint until twenty-two years after she had reached the age of majority, and the defendants pleaded the statute of limitations as a defense. In response, the plaintiff contended that, because the priest had threatened her and her family with violent retribution if she were to sue, equitable estoppel should preclude the defendants from invoking the statute of limitations. Rejecting this contention, the court held that the "[p]laintiff clearly has not pleaded the elements of equitable estoppel." *Id.* at 296. Continuing, the court reasoned:

> She does not allege that any defendant misrepresented or concealed any material fact. She alleges only that defendants asked plaintiff to forgive them and to refrain

from suing them. In fact, at oral argument plaintiff admitted that she could not demonstrate a misrepresentation or concealment. Without the misrepresentation or concealment of a material fact, equitable estoppel does not apply.

*Id.*

The statements of the Supreme Court of Illinois in *Parks* control this case. We express no view, of course, on whether *Parks* announced the correct approach or on whether it applied the doctrine of equitable estoppel correctly to the facts before it. It suffices that Ms. Hollander's theory of equitable estoppel is materially identical to the one asserted by the plaintiff in *Parks.* Like the *Parks* plaintiff, Ms. Hollander claims that a threat of violence, rather than a misrepresentation, prevented her from filing suit. As Ms. Hollander concedes in her appellate brief, this claim does not conform to the equitable estoppel paradigm established by the Illinois case law. She submits, nevertheless, that in resolving her motion to dismiss we must assume that Mr. Brown was lying when he threatened to kill her, and that his statement therefore was technically a misrepresentation. The court in *Parks* was unwilling to make that assumption. Consistent with our obligations under *Erie*, neither may we.

## Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED

A true Copy:
  Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*