NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 27, 2015
Decided July 2, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3355

| | |
|---|---|
| DONNA BIBBS, CHARLES GORDON, FRANCES RANDLE, and ZACHARY SMITH, <br>     *Plaintiffs-Appellants*, <br><br> *v.* <br><br> SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, <br>     *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 1:10-cv-07382 <br><br> John W. Darrah, <br> *Judge*. |

**O R D E R**

Black applicants who were denied employment as correctional officers brought this disparate impact discrimination case under Title VII of the Civil Rights Act of 1964 against the Sheriff of Cook County and Cook County, Illinois. The district court granted Defendants' motion to dismiss and Plaintiffs appeal. Because the district court erred

when it dismissed three of the complaint's four plaintiffs and two of its three counts, we reverse the judgment in part and remand the case for further proceedings.

## I.		Background

Donna Bibbs sought employment with the Sheriff of Cook County as a correctional officer. As with all applicants, she had to pass five pre-employment screening "tests," which included a polygraph examination and a psychological screening. She completed the five tests, but received a letter stating that she had failed one of them and would not be hired. (The letter did not specify which of the tests Bibbs had failed. She discovered later that she had failed both the polygraph examination and a psychological screening.)

Plaintiffs' claims have evolved greatly over the course of this litigation. The initial complaint identified Bibbs as the only plaintiff and alleged that Defendants' hiring practices had a disparate impact on blacks. The first amended complaint (FAC) added six additional plaintiffs and stated that Plaintiffs brought the case individually and for others similarly situated, but did not allege class status or propose a class definition.

Defendants moved to dismiss the additional plaintiffs on the grounds that they had not exhausted their administrative remedies. The FAC alleged that the "Plaintiffs" (plural) filed a timely charge of employment discrimination with the EEOC and that Bibbs filed her action within 90 days of receiving her right-to-sue notice. However, it was silent regarding whether the additional plaintiffs received their own right-to-sue letters or met the 90-day deadline. Defendants argued that the additional plaintiffs pleaded themselves out of court by not alleging that they joined the lawsuit within 90 days of receiving a right-to-sue letter.[1]

---

[1] Title VII allows a claimant to file suit only after filing a charge with the EEOC and waiting until the EEOC sends notice that it does not intend to sue, thereby giving the claimant the "right-to-sue." 42 U.S.C. § 2000e-5(e)(1), (f)(1). These steps have become known as Title VII's "exhaustion of administrative remedies" requirement despite the fact that the Administrative Procedure Act, 5 U.S.C. § 704, has nothing to do with it. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 710 (7th Cir. 2006). Title VII imposes a further requirement that a claimant must file suit within 90 days of receiving notice of the "right-to-sue" or the suit is untimely. § 2000e-5(f)(1). The district court treated the issue as one of exhaustion rather than timeliness because Plaintiffs did not allege that the additional plaintiffs received their own right-to-sue letters, let alone met the 90-day deadline. We will do the same.

The district court denied Defendants' motion on the grounds that failure to exhaust administrative remedies is an affirmative defense and Plaintiffs are not obliged to allege facts negating an affirmative defense in the complaint. The district court noted that dismissal is appropriate where it is clear from the face of the complaint that the plaintiff did not exhaust administrative remedies, but held that nothing on the face of the FAC compelled the conclusion that the additional plaintiffs failed to exhaust their administrative remedies.

Plaintiffs eventually filed a Second and then a Third Amended Complaint (TAC). The TAC settled on four named plaintiffs, Bibbs and three additional plaintiffs, and three separate counts. Count I alleged that the Sheriff's use of pre-employment tests violated Illinois law. Count II alleged that the psychological screening had a disparate impact on black applicants. Count III alleged that a disproportionate number of black applicants were disqualified because of false reports of disqualifying admissions on the polygraph examination.

The TAC also contained a couple of procedural irregularities. First, Bibbs remained a named plaintiff despite an earlier concession by Plaintiffs that Bibbs was an inappropriate class representative. Second, the TAC's proposed class definition included only those who were rejected for failing the psychological screening. This would exclude all claims premised on Count III's allegation that Defendants discriminated against black applicants through the administration of the polygraph examination.

The district court granted Defendants' motion to dismiss under Rule 12(b)(6) and dismissed the TAC without prejudice. The district court dismissed Count I of the TAC on the grounds that Plaintiffs failed to plead any facts sufficient to demonstrate a plausible claim for relief. The district court then dismissed the additional plaintiffs (all but Bibbs) for failure to exhaust administrative remedies because the TAC did not allege that they had joined the lawsuit within 90 days of receipt of a right-to-sue letter. Finally, the district court dismissed the remaining counts, Counts II and III, for the only remaining plaintiff, Bibbs, on the grounds that they were too vague to provide Defendants with proper notice of her claims. The TAC's procedural irregularities created confusion, and thus contributed greatly to the perceived vagueness of the claims. Plaintiffs declined to file a Fourth Amended Complaint, and the district court issued judgment for the Defendants. Plaintiffs appeal all but the dismissal of Count I.

## II.     Analysis

We review the grant of a motion to dismiss under Rule 12(b)(6) *de novo*; we accept all facts pleaded as true and draw all reasonable inferences in Plaintiffs' favor. *Thulin v. Shopko Stores Operating Co.*, 771 F.3d 994, 997 (7th Cir. 2014).

### A.     *Dismissal of additional plaintiffs*

Defendants filed two motions to dismiss under Rule 12(b)(6): the first to dismiss the FAC, which the district court denied, and the second to dismiss the TAC, which the district court granted. When the district court denied the first, the motion to dismiss the FAC, it held that the additional plaintiffs could not be dismissed for failure to exhaust administrative remedies. Since failure to exhaust administrative remedies is an affirmative defense, the additional plaintiffs could only be dismissed for failure to state a claim if it was clear from the face of the complaint that the affirmative defense applied. *See Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006); *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006). But it was not clear from the face of the FAC that the defense applied because the FAC did not allege the facts necessary to come to that conclusion. The FAC neither alleged that *only* Bibbs received a right-to-sue letter, nor alleged that the additional plaintiffs joined *after* 90 days of receiving a right-to-sue letter; it was silent regarding whether or when the additional plaintiffs received right-to-sue letters. Despite this holding, when the district court later granted Defendants' second motion to dismiss, the motion to dismiss the TAC, it dismissed the additional plaintiffs for failure to exhaust administrative remedies on the grounds it was clear from the face of the complaint that the affirmative defense applied. Plaintiffs argue that this second holding was in error because, like the FAC, the TAC did not allege the facts necessary to conclude that the affirmative defense applied. Plaintiffs' argument has merit.

The TAC used substantially the same allegations of exhaustion as the FAC: all plaintiffs filed a timely EEOC charge and Bibbs filed within 90 days of her right-to-sue letter. The district court previously, and rightly, declined to dismiss the additional plaintiffs because it was not clear from the face of the FAC that the affirmative defense applied. The district court should have held likewise for the TAC and declined to dismiss the additional plaintiffs a second time, because nothing had changed regarding exhaustion between the FAC and the TAC. The district court reiterated that dismissal was only possible if it was clear from the face of the complaint that the affirmative defense applied. But, for whatever reason, the district court held that the same

allegations that were unclear before were now clear. The district court gave no reason for this change, other than to cite the same cases as before, *Hollander* and *Gragg v. Wenzak, Inc.*, 2011 U.S. Dist. LEXIS 37327 (C.D. Ill. Apr. 6, 2011). Yet neither of these cases supports the change. Dismissal was appropriate in *Hollander* because the plaintiff alleged facts that showed the statute of limitations accrued well before she filed her case, *Hollander*, 457 F.3d at 693, and in *Gragg* because the "[p]laintiff specifically alleged that she had <u>not</u> received a Notice of Right to Sue from the EEOC." *Gragg*, 2011 U.S. Dist. LEXIS at *10 (emphasis in original). The change between the district court's first holding and its second was in error and requires reversal and remand.

For the benefit of the district court on remand, we note that Plaintiffs' alternative arguments are considerably less persuasive. Plaintiffs argued that the additional plaintiffs do not need to meet the exhaustion requirement because they can rely on the judicially created "single-filing" or "piggyback" exception. *See Horton v. Jackson County Bd. of County Com'rs*, 343 F.3d 897, 899 (7th Cir. 2003). The district court held that the exception did not apply to the additional plaintiffs because they each had filed their own EEOC charge and, although we have not squarely decided the issue, to hold otherwise would be at odds with several of our sister circuits. *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 564–65 (2d Cir. 2006) (citing cases). Indeed, Plaintiffs agreed at oral argument that applying the "single-filing" exception to this case would result in a circuit split and therefore abandoned the argument.

Plaintiffs also argued that the filing of Bibbs's initial complaint tolled the deadline for the additional plaintiffs because the TAC related back to Bibbs's initial complaint and the filing of a class action tolls the statute of limitations for class members. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349–352 (1983); Fed. R. Civ. P. 15(c). This argument was not presented to the district court, and so—the issue of waiver aside—it is premature. As it stands, the TAC does not relate back to Bibbs's initial complaint. Before the class allegations can toll the deadline for the additional plaintiffs, the district court would have to allow the TAC to relate back to Bibbs's initial complaint. But whether the district court allows the TAC to relate back to the initial complaint is a matter within the discretion of the district court, *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008), and the matter was not presented to it.[2]

---

[2] Even if the district judge allows the TAC to relate back, Plaintiffs would still face the hurdle of class certification. Bibbs's claims are weak, making her an inadequate class representative. *See Robinson v. Sheriff of Cook County*, 167 F.3d 1155, 1157 (7th Cir. 1999). Were the class to be certified with her as the

### B.        Dismissal of Counts II & III

The district court dismissed Counts II and III by relying on Bibbs's statement in her EEOC charge that the rejection letter said she "had failed *one* of the pre-employment tests." (Emphasis added by district court.) Since a plaintiff is limited to claims that are based on the EEOC charge, the district court decided that Bibbs could only allege one of the five pre-employment tests was discriminatory. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 709 (7th Cir. 2006) ("[T]he charge filed with the Commission limits the claims that the complainant may raise in litigation."). From there, the district court held that it was impossible to tell which test Bibbs alleged was discriminatory since 1) the TAC alleged that Bibbs was rejected for failing both the psychological screening and the polygraph examination, 2) the TAC's proposed class definition was limited to those who failed the psychological screening, and 3) Plaintiffs had previously conceded in answer to the district court's interrogatories that Bibbs was an inappropriate class representative.

The errors with the district court's reasoning are two-fold. First, Bibbs's EEOC charge is not limited to claiming that only one test was discriminatory. The statement quoted by the district court concerned the notice Bibbs received from the Sheriff's office. After relating the notice, Bibbs stated, "I believe I have been discriminated [against] on account of my race, either because the *tests* used by the Sheriff have a disparate impact on minority applicants or because of a decision by the Sheriff to wrongfully disqualify minority applicants." (Emphasis added.) Second, at this stage of the proceedings, the district court should not have dismissed Bibbs's claims based on her inability to serve as a class representative. Bibbs's lack of typicality and adequacy are reasons to deny certification of a class with Bibbs as a representative, not to dismiss her claims.[3] *See*

---

representative, it runs the risk of not only Bibbs's claims being dismissed, but those of the entire class as well. *See id*. Instead of Bibbs, Plaintiffs desire one of the additional plaintiffs, Zachary Smith, to serve as class representative. Smith's claim may have a better chance, but since the district court has yet to certify a class, Smith must meet all of Title VII's exhaustion requirements on his own, including joining the action within 90 days of receiving his right-to-sue letter. *Id*. at 1158 (because there was no class action when the named plaintiff was dismissed, the alternative plaintiff could not take his place and her suitability as class representative had to be determined independently of him). It appears, however, that Bibbs is the only plaintiff who met Title VII's exhaustion requirements. If this is true, it explains why Plaintiffs have not sought her dismissal as a named plaintiff despite their concession that she is unfit to be a class representative—were she to be dismissed, so would the entire case.

[3] Plaintiffs argue that the district court should not have relied on their earlier concession that Bibbs was unfit to be a class representative because they made that concession before they filed the TAC and all pleadings prior to the filing of an amended complaint have no further effect once the amended complaint

*Arreola*, 546 F.3d at 794 ("Failure to meet any of the Rule[ 23's] requirements precludes class certification."). Consequently, the district court erred by dismissing Counts II and III.

### III.    Conclusion

Because the district court erred when it dismissed the additional plaintiffs and two of the three counts, we reverse the judgment in part: we reverse the dismissal of plaintiffs Smith, Randle, and Gordon and the dismissal of Counts II and III of the TAC; affirm the dismissal of Count I; and, remand the case for further proceedings consistent with this order.[4]

---

is filed. *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204 (7th Cir. 1998). We do not need to decide whether Plaintiffs' answers to the district court's interrogatories constitute pleadings for the purpose of this rule. Bibbs is an unfit class representation simply by the juxtaposition of the TAC's claims that Bibbs was discriminated against by both the psychological screening and the polygraph examination and the TAC's proposed class definition that involves only the psychological screening. The district court's error was not in holding that Bibbs was an unfit class representative—Plaintiffs conceded as much—but that being an unfit class representative meant the complaint had to be dismissed. On the contrary, the action could have gone forward, either with a different representative or without a class.

[4] Because the district court did not dismiss Bibbs as plaintiff, but rather her claims, we need only reverse the dismissal of her claims to enable her to continue as a plaintiff.